Mark D. Sullivan (Wyo. Bar #6-3824)
Mark D. Sullivan, P.C.
5237 HHR Ranch Road
Wilson, WY 83014
P. (307) 733-2021
F. (307) 732-9807
Mark@mdslawoffice.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 2 8 2010

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF WYOMING

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership and CHARLES M. HADEN, JR. individually<br><br>Plaintiffs,<br><br>vs.<br><br>BONTECOU CONSTRUCTION, INC., a Wyoming corporation and STEVE BONTECOU, individually.<br><br>Defendants. | Civil Action No. 10CU280-J<br><br>(Relates to bankruptcy case no. 10-41418 pending before the U.S. Bankruptcy Court in the S.D. of Texas) |

## PLAINTIFF'S NOTICE OF REMOVAL

Plaintiff files this notice of removal under 28 U.S.C. § 1452(a).

1

## A. Introduction

1. Plaintiff is Nadowessioux Properties, Ltd., a Texas limited partnership.

2. Co-plaintiff Charles M. Haden is a Texas citizen.

3. Defendant is Bontecou Construction, Inc., a Wyoming corporation.

4. Co-defendant is Steve Bontecou, an individual and citizen of the State of Wyoming.

5. On April 22, 2008, plaintiff sued defendants in connection with a dispute over a construction project, initiating civil action number 14630 in the Ninth Judicial District Court of Teton County, Wyoming.

6. On December 15, 2010, defendant Nadowessiuox Properties, Ltd. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating case number 10-41418 before the U.S. Bankruptcy Court in the Southern District of Texas, Houston Division.

## B. Basis for Removal

7. Bankruptcy removal statute. Removal is proper under section 1452(a) of title 28 of the United States Code, which provides that a party may remove claims or causes of action related to bankruptcy cases. 11 U.S.C. § 1452(a) (2010).

8. Jurisdiction. First, under section 1334 of title 28, a district court, including this Court, has original jurisdiction of "all cases under title 11 [the Bankruptcy Code]," and of "all

civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)(b).

9. Second, under section 1332(a) of title 28, this Court has jurisdiction because (i) the amount in controversy exceeds $75,000, and (ii) plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a).

10. <u>No consent necessary.</u> All defendants who have been properly served are not required to consent to the removal of this case to federal court. Such consent is not necessary when, as here, there is an independent statutory right to remove. *See, e.g., Anstine & Musgrove, Inc. v. Calcasieu Ref. Co.*, 436 B.R. 136, 139 (D. Kan. 2010) *citing Arrow Oil & Gas, Inc. v. J. Aron & Co.*, 2010 U.S. Dist. LEXIS 74189, 2010 WL 2898973, at *1 (W.D. Okla. July 22, 2010) ("the weight of authority" is that unanimity is not required); *PDG Los Arcos, LLC v. Adams* (In re Mortgages Ltd.), 427 B.R. 780, 789 (D. Ariz. 2010) (following the "weight of authority" in refusing to require unanimity); *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 141 (D.N.H. 2009) ("[m]ost courts" have not required unanimity); *Parrett v. Bank One, N.A.* (In re National Century Fin. Enters., Inc., Inv. Litig.), 323 F. Supp. 2d 861, 872 (S.D. Ohio 2004) (noting that "a majority of courts addressing the issue" have not required unanimity). *See also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (federal officer or agency can unilaterally remove under 28 U.S.C. 1442 without consent of other defendants).

11. <u>Timeliness.</u> This removal is timely under Federal Rule of Bankruptcy

3

Procedure 9027(a)(2).[1]

12. <u>State court file</u>. A certified copy of the state court docket in this matter is attached hereto as **Exhibit A**. Copies of all pleadings, process, and orders, are attached to this notice as **Exhibit B**.

13. <u>Venue</u>. Initial removal to this Court is proper because the state court where the suit has been pending is located within this federal district. Fed.R. Bankr. P. 9027(a)(1) ("notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending").

14. <u>Venue transfer</u>. Plaintiff is the debtor in a chapter 11 bankruptcy case pending before the United States Bankruptcy Court in the Southern District of Texas. As such, by separate motion, plaintiff will ask this Court to transfer venue to the United States District Court for the Southern District of Texas. *SenoRx v. Coudert Bros., LLP*, 2007 U.S. Dist. LEXIS 66065, 2007 WL 2470125 at *1 (N.D. Cal. Aug. 27, 2007) (presumption in favor of transfer of venue to the court presiding over bankruptcy case of party to litigation).

15. <u>Notice in state court</u>. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

---

[1] "If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order of relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."

4

## C. Statement Required by Fed. R. Bankr. Proc. 9027(a)

16. The removed litigation is non-core. Core proceedings are those matters that have no existence outside of bankruptcy. 28 U.S.C. § 157(b)(1); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir. 1990). "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Id.* Plaintiff consents to the entry of final orders by the U.S. Bankruptcy Court.

DATED: December 27, 2010

                Respectfully submitted,

                MARK D. SULLIVAN, P.C.

                By: /s/ Mark D. Sullivan
                Mark D. Sullivan (Wyoming Bar #6-3824)
                5237 HHR Ranch Road
                Wilson, WY, 83014
                P. (307) 733-2021
                F. (307) 732-9807

                SPECIAL COUNSEL FOR DEBTOR
                AND PLAINTIFF HEREIN,
                NADOWESSIOUX PROPERTIES, LTD.

HOOVER SLOVACEK LLP


By:_____/s/_____
EDWARD L. ROTHBERG
Texas State Bar No. 17313990
ANNIE E. CATMULL
Texas State Bar No. 00794932
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile: 713.977.5395

BANKRUPTCY ATTORNEYS FOR DEBTOR
AND PLAINTIFF HEREIN,
NADOWESSIOUX PROPERTIES, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2010, a true and correct copy of foregoing document was served by first class mail postage prepaid, upon the following:

Andrea L. Richard
The Richard Law Firm, P.C.
199 E. Pearl Ave., Suite 102
P.O. Box 1245
Jackson, WY 83001
(And by Facsimile: 307-732-6680)

Mr. Charles M. Haden
Nadowessioux Properties, Ltd.
764 Kuhlman Rd.
Houston, TX 77024

Mark D. Sullivan

7