# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

## NINTH JUDICIAL DISTRICT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) |
| Defendants, | ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| CHARLES M. HADEN, JR., individually, | ) ) |
| Third Party Defendant. | ) |

Civil Action. No. 14630

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

## ORDER GRANTING MOTION FOR ADDITIONAL TIME FOR DEFENDANTS' TO FILE EXPERT DESIGNATION

**THIS MATTER,** having come before the Court on the Defendant's Motion for Extension of Time to file its expert designation and the Court having considered the same, therefore finds as follows:

1. Defendants seek the extension because they were improperly served with Plaintiffs' Designation of Expert Witnesses. While this pleading indicates that it was filed with the Court on January 15, 2009, counsel for Defendants' office did not receive Plaintiffs' designation until February 12, 2009, nearly a month later.

2. Plaintiff's Designation of Expert Witness indicates that it was served by electronic mail on January 15th. Counsel for Defendants having checked their electronic correspondence and confirmed that this pleading was never provided to their office via electronic mail.

3. Therefore, counsel for Defendants were prejudiced by not timely receiving this pleadings.

4. Further, Defendants' have been prejudiced due to Plaintiffs' failure to produce documents.

5. There has been no prior extension of time granted with respect to responding to expert designations.

6. Further, this motion is timely filed and this extension does not conflict with any order of the Court.

**IT IS THEREFORE HEREBY ORDERED** that Defendants' Motion for an enlargement of time to file its expert designation in the above-captioned matter is hereby GRANTED and that Defendants shall file their expert designation on or before March 20, 2009.

**IT IS SO ORDERED** this _____ of March, 2009.

The Honorable Nancy D. Guthrie
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this _12_ day of _Mar_ 20 _09_ .

A Richard

B King

By _D Hassler, Deputy Clerk_

# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

## NINTH JUDICIAL DISTRICT

FILED
DISTRICT COURT
DISTRICT OF WYOMING

DEC 23 2010

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD. <br> a Texas limited partnership, and <br> CHARLES M. HADEN, JR., <br> individually, <br><br> Plaintiffs, <br><br> vs. <br><br> BONTECOU CONSTRUCITON, INC. <br> a Wyoming Corporation, and STEVE <br> BONTECOU, individually, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 14630

## SECOND AMENDED SCHEDULING ORDER
## AND ORDER ON INITIAL PRETRIAL CONFERNCE

An initial pretrial conference was held before the Court on the 13th day of April, 2009 with Bret F. King appearing in person for the Plaintiffs, and Andrea Richard appearing in person and Jennifer Golden appearing by telephone for the Defendants.

## MOTIONS

The Defendants filed a Motion for Trial Setting. With the setting of the trial at the pretrial conference, the Defendants' motion is moot.

The Plaintiffs filed a Motion to Vacate the Existing Scheduling Order, and the Court having read and considered said Motion and the response of the Defendants, the Motion is denied. It being noted however, that the parties made certain stipulations concerning discovery and expert witnesses which are set forth hereinafter.

## DISCOVERY

Each of the parties contends that they are awaiting additional or complete responses from the other party. The parties are to work together and provide full and complete responses to any outstanding discovery in a reasonable and timely manner.

The discovery cut off is September 18, 2009, and depositions of non-expert witnesses shall be completed by this date.

The Plaintiffs shall file any additional expert witness designations with reports on or before October 1, 2009. The Defendants shall file any additional designations of expert witnesses with reports on or before October 22, 2009.

The depositions of all expert witnesses shall be completed on or before November 12, 2009.

## FINAL PRETRIAL CONFERENCE

1.      The final pretrial conference of this matter shall be on November 24, 2009 at 9:00 a.m. in the District Court Room of the Teton County Courthouse, Jackson, Wyoming. One and one-half hours is set aside for the hearing. The provisions of <u>Rule 16, W.R.C.P.</u> are incorporated herein by reference. All parties shall file their pretrial memoranda no later than five (5) days prior to the conference. The pretrial memoranda shall include the following:

a.      <u>NATURE OF THE CASE</u>. The nature of the case shall be a concise statement of the case, together with any information concerning the formulation and simplification of the issues, including the elimination of frivolous claims or defenses.

b.      <u>AMENDMENTS TO PLEADINGS</u>. The parties shall justify the necessity or desirability of amendments to the pleadings and shall submit copies of any proposed amendments. It should be noted that the proposed amendments to pleadings at this late stage will be closely scrutinized by the Court and will not be permitted unless absolutely necessary. The parties should amend their pleadings much earlier in the course of the case.

c.      <u>STIPULATIONS</u>. The parties shall enter into written stipulations of fact, of issues, and documents which will avoid unnecessary proof and shall submit such stipulations along with the pretrial memoranda. Factual matters to be submitted through an offer of proof shall also be reduced to writing.

d.      <u>OTHER MATTERS</u>. The parties shall:

(1)      Advise the Court of all pending matters; such as, but not limited to, motions, discovery, stipulations, issues regarding the conduct of the trial or

any other issues which could be addressed prior to the trial, and such other matters as may aid in the disposition of the action;

(2) Advise which witnesses will testify at trial, the scope of their testimony, and confirm that final reports of experts and their qualifications have been exchanged;

(3) Confirm that all efforts of settlement have taken place;

(4) Advise the Court of the proposed schedule for the orderly presentation of evidence at the trial and establishing a reasonable limit on the time allowed for presenting evidence. In considering said schedule, counsel shall consider any issues with regard to the conduct of the trial in order to facilitate the just, speedy, and inexpensive disposition of the action; and shall consider the avoidance of unnecessary proof of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 W.R.E.;

(5) Advise the Court of the length of time counsel anticipate using to conduct the voir dire examination, opening statements, closing arguments and the trial in its entirety.

(6) The parties shall designate their witnesses as either "will call" or "may call" witnesses.

2. MOTIONS. At least thirty (30) days prior to the pretrial conference counsel shall file all reasonably anticipated motions, including *motions in limine*.

3. JURY INSTRUCTIONS. Proposed jury instructions shall be filed on or before November 17, 2009 and in accordance with Rule 403 of the Uniform Rules for the District Courts of the State of Wyoming. The submission of proposed instructions shall be as follows:

a. Each party shall file with the Clerk of Court a set of proposed instructions, Plaintiff's numbered and Defendant's lettered, as appropriate, with citation. The parties shall include a cover sheet which contains an index of the instructions by letter or number and the pattern jury instruction number if applicable or other authority,

as well as a brief title for each instruction. Each party shall submit a proposed instruction setting forth the parties' contentions; another proposed instruction setting forth the burdens of proof of each of the parties, and a proposed verdict form with any special interrogatories. Each party shall provide a copy of the requested instructions to the Court at P.O. Box 1036, Jackson, WY 83001 or shall deliver a copy to the Court's chambers.

b. Counsel shall also provide to the Court a computer disk with their jury instructions contained thereon in an IBM WordPerfect or Word format, if possible, or they may be emailed to the Court at charnmond@courts.state.wy.us.

4. <u>TRIAL</u>. This matter is set for trial in the District Court Room, Teton County Courthouse, Jackson, Wyoming on the 1st day of December, 2009 at 9:00 a.m. before a jury of six persons. Eight days are set aside for this trial. The court reporter has already been notified to report the trial.

DATED this 18th day of May, 2009.

Stipulated by:

Bret F. King

Andrea Richard

Nancy Guthrie
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this 19 day of May 20 09 :

A. Richard

B. King

By D Hassler, Deputy Clerk

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| NADOWESSIOUX PROPERTIES, INC., a Texas limited partnership, | ) ) ) | Civil Action No. 14630 |
| Plaintiff, | ) ) | ORDER FOR HEARING |
| vs. | ) ) | |
| BONTECOU CONSTRUCTION, INC., et al., | ) ) | |
| Defendants. | ) ) | |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 28 2010
Stephan Harris, Clerk
Cheyenne

2009 OCT 7 PM 1 10
CLERK OF DISTRICT COURT
TETON COUNTY WYOMING
FILED

Defendants have filed a Motion for Jury View and Request for Inspection Pursuant to Rule 34. Plaintiff has filed a Motion for Protective Order.

IT IS ORDERED that a hearing on the above motions will be held on the 14th day of October, 2009 at 9:00 a.m. in the District Courtroom of the Teton County Courthouse, Jackson, Wyoming. Two hours are set aside for the hearing.

DATED the 7th day of October, 2009.

Nancy J. Guthrie
District Judge

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this _7_ day of _Oct_ 20 _09_ .

B. King
A. Richard

By _Caryl Williams_ Dep

**IN THE DISTRICT COURT OF TETON COUNTY, WYOMING**

**NINTH JUDICIAL DISTRICT**

FILED
TETON COUNTY WYOMING
2009 NOV 12 PM 3 03
*Caryl Williamson*
CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD. a Texas limited partnership, and CHARLES M. HADEN, JR., individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BONTECOU CONSTRUCITON, INC. a Wyoming Corporation, and STEVE BONTECOU, individually, | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 14630

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 28 2010
Stephan Harris, Clerk
Cheyenne

---

## ORDER SETTING SCHEDULING CONFERENCE

---

The parties having filed a Stipulation to Continue Trial and Other Matters, and good cause appearing, therefore;

IT IS HEREBY ORDERED that the parties' Stipulation to continue the trial date and other matters is hereby GRANTED.

IT IS FURTHER ORDERED that a new scheduling conference be set for the 24th day of November, 2009, at 9:00 a.m. for the purpose of setting a new trial date and addressing the other matters listed in the parties' Stipulation. Plaintiff's counsel shall initiate the telephone conference call to the Court at (307) 733-1461.

DATED this 12 day of November, 2009.

Nancy J. Guthrie
District Court Judge

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this 12 day of NOV 20 09 .

B. King
A. Richard

_____

By *Caryl Williamson*

FILED

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING TETON COUNTY WYOMING

NINTH JUDICIAL DISTRICT

2010 FEB 1 PM 3 38

Cary Williams

CLERK OF DISTRICT COURT

NADOWESSIOUX PROPERTIES, LTD      )
a Texas limited partnership and          )
CHARLES M. HADEN, JR. individually      )
                                         )
              Plaintiffs,                )
                                         )
        vs.                              )        Civil Action No. 14630
                                         )
BONTECOU CONSTRUCTION, INC.,      )
a Wyoming corporation and STEVE          )
BONTECOU, individually.                  )
                                         )
              Defendants.                )
                                         )

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

---

### STIPULATION FOR EXTENSION OF EXPERT WITNESS REPORT DEADLINE

Each of the parties, by and through their respective counsel, hereby stipulate and agree as

follows:

The parties' previously stipulated deadline of February 1, 2010, for which to file their

expert witness reports shall be extended by one week up to and including February 8, 2010.

Dated this 1st day of February, 2010.


Thomas B. Getz
Wyoming Bar No. 7-4592
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
*On behalf of Charles Haden and Nadowessioux Properties, LTD.*


Andrea Richard
Wyoming Bar No. 5-2848
The Richard Law Firm, P.C.
P.O. Box 1245
Jackson, WY 83001
(307) 732-6680
*On behalf of Steve Bontecou and Bontecou Construction, Inc.*

# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING
## NINTH JUDICIAL DISTRICT TETON COUNTY WYOMING

FILED

2010 FEB 2 AM 11 00

D Hassler, Deputy Clerk

CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD<br>a Texas limited partnership and<br>CHARLES M. HADEN, JR. individually<br><br>Plaintiffs,<br><br>vs.<br><br>BONTECOU CONSTRUCTION, INC.,<br>a Wyoming corporation and STEVE<br>BONTECOU, individually.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 14630

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2 3 2010

Stephan Harris, Clerk
Cheyenne

---

## ORDER ON PLAINTIFFS' REQUEST FOR HEARING ON REQUEST FOR DETERMINATION OF CLAIM REGARDING DOCUMENTS UNDER CLAIM OF PRIVILEGE

The Plaintiffs, having filed a Request for Hearing on Request for Determination of Claim Regarding Documents under Claim of Privilege and the Court having read and considered said Motion,

IT IS HEREBY ORDERED that a hearing on Plaintiffs' Request for Determination of Claim Regarding Documents under Claim of Privilege shall be heard in the District Courtroom, Teton County, Wyoming on the 12th day of February, 2010 at 10:30 o'clock A.M. One-half hour is set aside.

DATED this 27th day of January, 2010.

Nancy J. Guthrie
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this 2 day of Feb 20 10.

B King

A Richard

By D Hassler, Deputy Clerk

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING
NINTH JUDICIAL DISTRICT

FILED
TETON CO. WYOMING

2010 FEB 2 AM 11 00

D Hassler, Deputy Clerk
CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD a Texas limited partnership and CHARLES M. HADEN, JR. individually | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 14630 |
| BONTECOU CONSTRUCTION, INC., a Wyoming corporation and STEVE BONTECOU, individually. | ) ) ) ) |
| Defendants. | ) ) |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

## ORDER SETTING TRIAL DATES AND AMENDING PRIOR SCHEDULING ORDER

**THE ABOVE MATTER** having come before the Court on the parties'
stipulation to continue the trial and the Court having considered the same and conducted
the scheduling conference on November 25, 2009, the Court finds and Orders as follows:

1. ~~This matter is scheduled for trial for eight days with a second stack heading immediately behind another case on June 21, 2010, through June 30, 2010. If the matter set for trial on that date settles counsel should be prepared to try this case and it will move up to a first stack setting.~~

2. ~~If the case is not tried in June,~~ This case will be tried as a first stacked setting on July 12, 2010 through July 21, 2010, before a jury of six persons beginning at 9:00 a.m. Eight days are set aside for this trial. The Court reporter has already been notified to report the trial.

3.      The parties have agreed that the new discovery cutoff will be April 30, 2010.  The depositions of all expert and non-expert witnesses shall be completed on or before April 30, 2009.

4.      The parties have agreed that amendments to pleadings may be made by February 1, 2010.

5.      The parties have agreed that the new date for both parties to file their expert reports is February 1, 2010.  Any rebuttal reports must be field on or before February 19, 2009.

6.      The parties shall file their jury instructions on or before June 2, 2010.

7.      The pretrial conference of this matter shall be on June 14, 2010 at 10:00 a.m. in the District Court Room of the Teton County Courthouse, Jackson, Wyoming. All parties shall file their pretrial memoranda no later than five (5) days prior to the conference.

8.      Motions.  At least thirty (30) days prior to the pretrial conference counsel shall file all reasonably anticipated motions, including motions in limine.

9.      Existing time frames in the Court's prior orders will remain in force other than the new dates established by this Order.  This Order will amend the prior scheduling orders for the Court in this matter and the parties shall govern themselves accordingly.

**IT IS THEREFORE HEREBY ORDERED.**

Dated this _____ day of _____, 20 10

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this ____ day of _____ 20 10 .

_B Bing_

_a Richard_

By___ **D Hassler, Deputy Clerk**

The Honorable Nancy J. Guthrie
District Court Judge

Stipulated and Approved as to Form:

King & King, LLC


Bret F. King #5-2353
610 West Broadway, Suite 201
P.O. Box 40
Jackson, WY 83001
Office: 307.733.2904
Fax: 307.733.1058
kinglaw@wyom.net

*Attorney for Defendants*


The Richard Law Firm, P.C.


Andrea L. Richard #5-2848
Jennifer A. Golden #5-2965
199 East Pearl Avenue, Suite 102
P.O. Box 1245
Jackson, WY 83001
ffice: 307.732.6880
Fax: 307.732.6638
andrea@arichardlaw.com

*Attorney for Plaintiffs*

**IN THE DISTRICT COURT OF TETON COUNTY, WYOMING**
**NINTH JUDICIAL DISTRICT**

FILED
TETON CO. WYOMING
2010 FEB 2 AM 11 00
D Hassler, Deputy Clerk
CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) |
| Defendants, | ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| CHARLES M. HADEN, JR., individually, | ) ) |
| Third Party Defendant. | ) ) |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 28 2010
Stephan Harris, Clerk
Cheyenne

Civil Action. No. 14632

---

**ORDER GRANTING STIPULATION FOR EXTENSION OF EXPERT WITNESS REPORT DEADLINE**

---

THIS MATTER is before the Court on the *Stipulation for Extension of Expert Witness Report Deadline*, filed jointly by the Parties, Charles Haden and Nadowessioux Properties Ltd. ("Plaintiff") and Steve Bontecou and Bontecou Construction, ("Defendants"). The Court, after reviewing the Stipulation and such other matters as the Court deemed appropriate, finds and concludes that the Stipulation is well-taken, and that the relief requested therein should be granted. Based upon the foregoing and good-cause appearing therefore, **IT IS HEREBY ORDERED** as follows:

1. The Stipulation shall be, and it hereby is, approved in all its particular, and the relief requested therein shall be, and it hereby is, granted.

2. The expert witness report deadline is extended to February 8, 2010.

DATED this 2nd day of February, 2010.

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this 2 day of 2/2 20. 10 .

B King

a Richard

By D Hassler, Deputy Clerk

BY THE COURT:

Honorable Nancy J. Guthrie
District Court Judge

Page 1 of 1

# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING
## NINTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| NADOWESSIOUX PROPERTIES, LTD | ) | |
| a Texas limited partnership and | ) | |
| CHARLES M. HADEN, JR. individually | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14630 |
| | ) | |
| BONTECOU CONSTRUCTION, INC., | ) | |
| a Wyoming corporation and STEVE | ) | |
| BONTECOU, individually. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED
TETON COUNTY, WYOMING
2010 MAR 1 PM 2 23
D Hassler, Deputy Clerk
CLERK OF DISTRICT COURT

---

## ORDER ON STIPULATION FOR EXTENSION OF TIME TO FILE REBUTTAL TO EXPERT WITNESS REPORTS

**THE ABOVE MATTER** having come before the parties "Stipulation for Extension of Time to File Rebuttal to Expert Witness Reports", and the having considered the same, the Court finds and Orders as follows:

The parties shall have up to and including ~~February 26~~, March 5 2010 by which to file any rebuttals to expert witness reports.

DATED this ___ day of February, 2010.

Nancy J. Guthrie
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this ___ day of _____ 20 ___.

B King

A Richard

By _D Hassler, Deputy Clerk_

IN THE NINTH JUDICIAL DISTRICT COURT

TETON COUNTY, WYOMING

NADOWESSIOUX PROPERTIES, LTD.
a Texas limited partnership, and
CHARLES M. HADEN, JR.,
individually,

        Plaintiffs,

vs.

BONTECOU CONSTRUCTION, INC.,
a Wyoming corporation, and STEVE
BONTECOU, individually,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 14630

**FILED**
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

---

## ORDER ON PLAINTIFFS' DISCOVERY MOTIONS

THESE MATTERS came before the Court upon *Plaintiffs' Objection to and Motion to Quash Defendants' Subpoena Duces Tecum to Jackson Hole Title & Escrow*, filed February 9, 2010, *Plaintiffs' Request for Inspection Pursuant to Rule 34*, filed February 9, 2010, and *Plaintiffs' Motion to Strike Defendants' Third Privilege Log and Proposed Order Regarding Claim of Privilege for Documents Submitted Under Seal*, filed February 18, 2010.  Plaintiffs are represented by attorneys Bret F. King and Thomas B. Getz, Jr., and Defendants are represented by attorney Andrea L. Richard.  Upon reviewing motions and responses, and being advised in the premises, the Court finds as follows:

1. It appears to the Court that the information Defendants have attempted to subpoena from Jackson Hole Title & Escrow pertains to Plaintiffs' purchase of the Amangani property prior to Defendants' involvement, although the Court has not received a copy of the actual subpoena or been given any specific dates covered by the subpoena.  Since the current action involves a dispute over payment to Defendants for construction after the property was purchased, the Court finds no relevance in the title company's information, nor do Defendants explain the relevancy in their response.  In a ruling on December 16, 2009, this Court did not allow discovery of Plaintiffs' financial information for 2005-2007 without a *prima facie* showing on punitive damages.  Without a showing of

relevancy or entitlement to punitive damages, the Court now rules in a similar fashion.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Quash Defendants' *Subpoena Duces Tecum* to Jackson Hole Title & Escrow is GRANTED.

2. Plaintiffs have requested an inspection of all computers used by any representative of Bontecou Construction or Steve Bontecou. The dates and scope of Plaintiffs' request are identical to Defendants' Request for Inspection of computers utilized by the Hadens or Nadowessioux Properties, filed September 4, 2009, and the inspection performed on Terry Ross' computer. The inspection of Defendants' computers would use the same search terms and exact same procedure used for Terry Ross' computer. The Court finds that the request is not overly broad or burdensome.

IT IS HEREBY ORDERED that Plaintiffs' Request for Inspection Pursuant to Rule 34 is GRANTED.

3. The Court has simultaneously filed its *Order on Plaintiffs' Submittal of Documents Under Seal and Request for Determination of Claim of Privilege*, finding that thirteen of the fourteen disputed documents were privileged. The Court's decision was based on the Revised Privilege Record and copies of the documents submitted to the Court at the hearing on February 12, 2010. Defendants' Third Privilege Log and Proposed Order were disregarded by the Court. Thus, the Court finds that *Plaintiffs' Motion to Strike Defendants' Third Privilege Log and Proposed Order Regarding Claim of Privilege for Documents Submitted Under Seal* is MOOT.

IT IS HEREBY ORDERED that Documents submitted to this Court under seal by Plaintiffs on January 6, 2010 be returned to Defendants.

DATED this _____ day of March, 2010.

BY THE COURT:

_____
Honorable Nancy J. Guthrie
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this ____ day of _____ 20___ :

B King

A Richard

By D Hassler, Deputy Clerk

*Nadowessioux Properties, Ltd. v. Bontecou Construction, Inc.*
Civil Action No. 14630
ORDER ON PLAINTIFFS' DISCOVERY MOTIONS
Page 2 of 2

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING
NINTH JUDICIAL DISTRICT

NADOWESSIOUX PROPERTIES, LTD )
a Texas limited partnership and )
CHARLES M. HADEN, JR. individually )
)
)
Plaintiffs, )
)
vs. )  Civil Action No. 14630
)
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation and STEVE )
BONTECOU, individually. )
)
Defendants. )
)

**ORDER ON PLAINTIFFS' SUBMITTAL OF DOCUMENTS UNDER SEAL AND
REQUEST FOR DETERMINATION OF CLAIM OF PRIVILEGE**

**THIS MATTER** came before the Court on Plaintiffs' Submittal of Documents Under

Seal and Request for Determination of Claim Regarding Documents Under Claim of Privilege.

The Court heard the matter on Friday, February 12, 2010. After consideration of the documents

presented to the Court and argument of counsel, the court Orders as follows:

1. There are currently 14 documents that Defendants have withheld under a claim of

   privilege and/or work product protection which Plaintiffs claim have been

   improperly withheld. These documents are labeled on Defendants' revised

   privilege log, filed with the Court on February 10, 2010, as documents numbered

   173-174, 181, 187-89, 193-94, 205, 220-222, and 239-240.

2. These documents were provided to this Court by Defendants at the hearing in this

   matter on February 12, 2010.

3. This Court has reviewed these documents to determine if they have been properly

   withheld by Defendants under either the attorney-client privilege or the work

   product doctrine (collectively "Privileged") and finds as follows:

   a. Documents 173-174:

      These documents are ✓ Privileged __ Not Privileged, for the following

      reasons: Post-lawsuit; work product prepared at

      request of attorney

   b. Document 181: This document was produced to Plaintiffs on January 8th,

      2010 and is therefore not at issue.

c. <u>Documents 187-89</u>:

These documents are ✓ Privileged __ Not Privileged, for the following

reasons: Post-lien communication; Prepared at request of counsel.

d. <u>Documents 193-194</u>:

These documents are ✓ Privileged __ Not Privileged, for the following

reasons: Post-lien communication; Prepared at request of counsel.

e. <u>Document 205</u>:

These documents are ✓ Privileged __ Not Privileged, for the following

reasons: Communication regarding lawsuit

f. <u>Documents 220-222</u>:

These documents are ✓ Privileged __ Not Privileged, for the following

reasons: attorney/client privilege

g. <u>Documents 239-240</u>:

These documents are ✓ Privileged __ Not Privileged, for the following

reasons: Post-lawsuit; regarding lawsuit; prepared at request of counsel

THEREFORE the Court finds that Documents _____ none (except 181)

have been improperly categorized as privileged or subject to work-product protection and shall be

produced by Defendants immediately.

Likewise, the Court finds that Documents _all of above (except 181)_ have been properly categorized as privileged or subject to work-product protection and accordingly Defendants shall not be required to produce these documents to Plaintiffs.

IT IS SO ORDERED this 23 day of ~~February~~ March 2010.

_[signature]_

The Honorable Nancy J. Guthrie
District Court Judge

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this 24 day of _Mar_ 20 _10_ .

_B King_

_A Richard_

By _D Hassler, Deputy Clerk_

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

| | | |
|---|---|---|
| NADOWESSIOUX PROPERTIES, INC., a Texas limited partnership, | ) ) ) | Civil Action No. 14630 |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER FOR HEARING ON PENDING MOTIONS |
| BONTECOU CONSTRUCTION, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff has filed three Motions to Quash Subpoena Duces Tecum and has requested an extension of deadlines and a continuance of the jury trial. Defendants have filed a Motion to Compel and a Request for Expedited Hearing.

IT IS ORDERED that a hearing on the above motions will be held on the 27th day of May, 2010 at 1:30 p.m. in the District Courtroom of the Teton County Courthouse, Jackson, Wyoming. One hour is set aside for the hearing.

DATED the 6th day of May, 2010.

Nancy J. Guthrie
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this 6 day of May 2010.

King, B.
Richard. A

By D. Mahoney

**IN THE DISTRICT COURT OF TETON COUNTY, WYOMING**
**NINTH JUDICIAL DISTRICT**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

NADOWESSIOUX PROPERTIES, LTD )
a Texas limited partnership and )
CHARLES M. HADEN, JR. individually )
)
Plaintiffs, )
)
vs. )      Civil Action No. 14630
)
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation and STEVE )
BONTECOU, individually. )
)
Defendants. )
)

---

## ORDER ON PLAINTIFFS' REQUEST FOR HEARING

---

The Plaintiffs, having filed a Request for Hearing on Motion to Compel Production of the

Privilege Log for Steve Bontecou's Electronic Files and Motion for Sanctions Due to Ongoing

Discovery Abuses and the Court having read and considered said Motion,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel Production of the

Privilege Log for Steve Bontecou's Electronic Files and Motion for Sanctions Due to Ongoing

Discovery Abuses shall be heard at the hearing set for the 27th day of May, 2010 at 1:30 p.m.

IT IS FURTHER ORDERED that Defendants shall file their response to said motion on

or before the 26 day of May, 2010.

One hour is set aside for the hearing in its entirety.

DATED this 21 day of May, 2010.

Nancy J. Guthrie
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the·
foregoing was duly served by prepaid
mail upon the following persons at
their last known address this 21 day
of May 20 10 .

B. King
A. Pickard

By Caryl A. Williamson, Dp

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| NADOWESSIOUX PROPERTIES, INC.,<br>a Texas limited partnership, | ) | Civil Action No. 14630 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER RESCHEDULING PRETRIAL |
| vs. | ) | CONFERENCE AND MOTIONS |
| | ) | HEARING |
| BONTECOU CONSTRUCTION, INC.,<br>et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

2010 JUN 9 AM 11 52
CLERK OF DISTRICT COURT
TETON COUNTY WYOMING
FILED

IT IS ORDERED that the pretrial conference and motions hearing previously scheduled in this matter for June 14, 2010 at 10:00 a.m. is hereby rescheduled for June 16, 2010 at 10:00 a.m. in the District Courtroom of the Teton County Courthouse, Jackson, Wyoming. Two (2) hours are set aside for the hearing.

DATED the 9th day of June, 2010.

Nancy J. Guthrie Timothy C. Day
District Judge

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this 9 day of June 20 10.

B. King
A. Richard

By Carol Williamson Dep

## IN THE DISTRICT COURT OF TETON COUNTY, WYOMING, NINTH JUDICIAL DISTRICT

NADOWESSIOUX PROPERTIES, LTD )
a Texas limited partnership and )
CHARLES M. HADEN, JR. individually )
                               )
         Plaintiffs, )
                               )
      vs. )     Civil Action No. 14630
                               )
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation and STEVE )
BONTECOU, individually. )
                               )
      Defendants. )
                               )

*(filing stamp, upper right:)*
2010 JUN 10 AM 10 42
CLERK OF DISTRICT COURT
D Hassler, Deputy Clerk
TETON COUNTY WYOMING
FILED

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 28 2010
Stephan Harris, Clerk
Cheyenne

---

### ORDER ON REQUEST FOR IMMEDIATE HEARING ON MOTION TO WITHDRAW

King & King, LLC, having filed a Request for Immediate Hearing on its Motion to Withdraw and the Court having read and considered said Motion,

IT IS HEREBY ORDERED that a hearing on said motion shall be heard in the District Courtroom, Teton County, Wyoming on the _14th_ day of _June_, 2010 at _10:00_ o'clock _A._M. One-half hour is set aside.

DATED this _10th_ day of June, 2010.

Timothy C. Day
District Court Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this _10_ day of _June_ 20 _10_.

_D King_

_A Richard_

By _D Hassler, Deputy Clerk_

**IN THE NINTH JUDICIAL DISTRICT COURT**

**TETON COUNTY, WYOMING**

FILED

TETON COUNTY WYOMING

2010 JUN 15 PM 12 57

CLERK OF DISTRICT COURT

|  |  |  |
|---|---|---|
| NADOWESSIOUX PROPERTIES, LTD. a Texas limited partnership, and CHARLES M. HADEN, JR., individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14630 |
| vs. | ) ) | |
| BONTECOU CONSTRUCTION, INC., a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

---

## ORDER GRANTING CONDITIONAL WITHDRAWAL OF PLAINTIFFS' ATTORNEY

---

THIS MATTER came before the Court on June 14, 2010 upon a Motion to Withdraw from representation of Plaintiffs by Plaintiffs' counsel, King & King, LLC, pursuant to the Wyoming Rules of Professional Conduct 1.16(b)(5) and (6). Plaintiffs were represented by attorneys Bret F. King and Thomas B. Getz, and Defendants were represented by attorney Andrea Richard. A further hearing was held *in camera* with Plaintiff Charles M. Haden, Jr., appearing by phone, and his attorneys, appearing personally. Testimony at that hearing was reported and will be sealed with the Court. After considering argument, the affidavit of attorney Bret King, which was filed under seal, and being advised in the premises, the Court finds good reason for the following:

1. Rule 1.16(b)(5) and (6) of the Wyoming Rules of Professional Conduct provide as follows:

> Except as stated in paragraph (c), a lawyer may withdraw from representing a client if: (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
> . . . .

> Paragraph (c) states:

> A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered

to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

2. Rule 102 of the Wyoming Uniform Rules for District Courts further provides:

(c) Counsel will not be permitted to withdraw from a case except upon court order. Except in the case of extraordinary circumstances the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance. In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se.

3. The Court finds reason to allow the withdrawal of Plaintiffs' attorneys due to financial considerations pursuant to Rule 1.16(b) of the Wyoming Rules of Professional Conduct. Plaintiff expressed his belief that the financial situation can be rectified with current counsel within approximately 30 days, or that new counsel could be hired within that time. In consideration of these circumstances,

IT IS HEREBY ORDERED that counsel King & King, LLC's Motion to Withdraw is GRANTED SUBJECT TO THE FOLLOWING CONDITIONS:

- Counsel King & King, LLC may withdraw upon the substitution of counsel approved by the Court.

- If no substitute counsel is approved by the Court by July 23, 2010, counsel King & King, LLC may withdraw notwithstanding the absence of counsel. Plaintiffs, thereafter, will be expected to comply with all trial and pre-trial deadlines and obligations, whether represented by counsel or not.

IT IS FURTHER ORDERED that this case is continued to a new trial date—January 10-14, 2011 and January 18-20, 2011 (allowing for a three-day weekend for Martin Luther King, Jr. Day in the midst of trial). This is a number one stack setting. The Court may consider moving the trial to an earlier date depending upon docket availability.

IT IS FURTHER ORDERED that there will be no additional continuances granted by this Court based on Plaintiffs' failure to pay attorneys, any further substitution of counsel, or for additional time requested due to *pro se* representation.

The Court recognizes that this matter has been pending since April 2008 and is based on a contract entered into in August 2006. However, the current District Court Judge has just

inherited the case and has not been involved with previous continuances. The Court also notes ongoing difficulties in obtaining discovery and has taken this into consideration in its order to continue the case.

IT IS FURTHER ORDERED that the Motions Hearing set for June 16, 2010 is HEREBY VACATED and is to be rescheduled approximately 30 days after substitution of counsel.

DATED this ___15th___ day of June, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this _15_ day of _June_ 20_10_.

B. King
A. Richard

By _Cary Williamson_

# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

## NINTH JUDICIAL DISTRICT

FILED
TETON COUNTY WYOMING
2010 JUN 17 PM 3 27
CLERK OF DISTRICT COURT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) |
| Defendants, | ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) ) |
| CHARLES M. HADEN, JR., individually, | ) ) |
| Third Party Defendant. | ) |

Civil Action. No. 14630

---

### ORDER ON MOTIONS HEARD DURING MAY 27, 2010 HEARING

---

Several motions came before the Court during the May 27, 2010 hearing: Plaintiffs' Motion to Quash Subpoenas to John Galambos, Grant Fry and Pattie Patterson as well as Defendants Motion to Continue Trial, Motion to Mediate and Request for Extension on Discovery. Plaintiffs' Nadowessioux Properties Ltd. and Charles Haden were represented by Tom Getz of King & King LLC, Jackson, Wyoming, and Defendants, Bontecou Construction Inc. and Steve Bontecou, were represented by Andrea Richard of the Richard Law Firm, P.C., Jackson, Wyoming. The Court, having

*Order on Motions Heard During May 27, 2010 Hearing*
*Page 1 of 3*

fully considered the pleadings and arguments of counsel and being thus advised, HEREBY ORDERS the following:

1. The Motion to Quash the Subpoena and Deposition Notice of John Galambos is DENIED.

2. The Motion to Quash the Subpoena and Deposition Notice of Grant Fry is DENIED.

3. The Court DENIES the Motion to Quash the subpoena issued to Patti Patterson of First Interstate Bank. However, during any deposition of Patti Patterson counsel may illicit only testimony relating to the new allegations and the money damages alleged in Plaintiffs' Amended Complaint.

4. The Court further orders that the depositions of John Galambos and Grant Fry be scheduled post haste.

5. Plaintiffs' Motion to Continue the Trial is DENIED.

6. Plaintiffs' request that the Court order a second mediation is DENIED.

7. Plaintiffs' Request to Extend the discovery cutoff up to and including July 1, 2010 is GRANTED.

8. Defendants' Motion for an Advance Ruling on the Deposition of David Sacks is GRANTED and said deposition will go forward as noticed for June 2, 2010.

9. Plaintiffs are ORDERED to produce Shelley Haden for her deposition post haste.

10. Plaintiffs' are ORDERED to provide fully executed authorizations from

*Order on Motions Heard During May 27, 2010 Hearing*
*Page 2 of 3*

Shelly Haden and Charles Haden for their e-mail accounts with AOL for retrieval of e-mails in 2006 and the search terms used in the prior computer inspections will be used for purposes of obtaining said e-mails.

11. The parties are to proceed with a forensic inspection of Steve Bontecou's computer.

12. The issue of costs and fees for Defendants' responding to the motions to quash is taken under advisement.

DATED this _17th_ day of May, 2010.

BY THE COURT:

_____
The Honorable Nancy J. Guthrie.

Timothy C. Day

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this _12_ day of _June_ 20 _10_.

_B. King_
_A. Richard_

_____

_____

By _____

*Order on Motions Heard During May 27, 2010 Hearing*
*Page 3 of 3*

## IN THE NINTH JUDICIAL DISTRICT COURT

## TETON COUNTY, WYOMING

NADOWESSIOUX PROPERTIES, LTD. )
a Texas limited partnership, and )
CHARLES M. HADEN, JR., )
individually, )
          )
      Plaintiffs, )
          )
vs. )
          )
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation, and STEVE )
BONTECOU, individually, )
          )
      Defendants. )

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

Civil Action No. 14630

---

## INTERIM ORDER

---

THIS MATTER came before the Court upon Motions submitted by both parties following the Court's Order of June 15, 2010 granting the conditional withdrawal of Plaintiffs' attorney. In that Order the Court set a deadline of July 23, 2010 for substitute counsel to be approved by the Court. The Court recognizes that several motions are pending, some filed prior to June 15, 2010 and some recently received, and responses to these motions may be due prior to July 23, 2010. The Court hereby advises the parties that no action will be taken on pending motions until after July 23, 2010 when substitute counsel is in place. Deadlines on responses to pending motions are stayed until substitute counsel enters the case and a reasonable schedule can be set.

DATED this ___15th___ day of July, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this ___ day of ___ 20__.

_____
B King

_____
A. Richard

By _____
D Hassler, Deputy Clerk

IN THE NINTH JUDICIAL DISTRICT COURT

TETON COUNTY, WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

| | | |
|---|---|---|
| NADOWESSIOUX PROPERTIES, LTD. a Texas limited partnership, and CHARLES M. HADEN, JR., individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14630 |
| vs. | ) ) | |
| BONTECOU CONSTRUCTION, INC., a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ACKNOWLEDGING WITHDRAWAL OF PLAINTIFFS' ATTORNEY AND SETTING SCHEDULING CONFERENCE

THIS MATTER came before the Court upon receipt of Plaintiffs' attorney King & King, LLC's Notice of Withdrawal as Counsel for Plaintiffs, filed July 27, 2010. The Notice of Withdrawal is in compliance with the Court's Order of June 15, 2010 allowing Plaintiffs' attorney to withdraw if Plaintiffs secured substitute counsel or if Plaintiffs failed to secure substitute counsel by July 23, 2010. Upon acknowledgement of King & King's withdrawal, and the failure of substitute counsel to appear in the case, the Court assumes Plaintiffs intend to proceed *pro se*.

The Court notes that Plaintiffs have filed a series of motions requesting an extension of deadlines to respond to pending motions and produce discovery until thirty days after Plaintiffs' deadline for securing substitute counsel—July 23, 2010. Defendants have stated that they do not oppose a reasonable extension and have suggested that the parties confer and agree upon a reasonable schedule, not to extend past the end of September 2010.

IT IS HEREBY ORDERED that on or before August 18, 2010, the parties shall confer and agree upon a reasonable schedule regarding deadlines for responding to pending motions and deadlines for producing remaining discovery. These deadlines should not to extend past September 30, 2010. If the parties are unable to reach agreement, the Court will set such deadlines.

THE PARTIES ARE FURTHER ORDERED to participate in a scheduling conference with the Court's judicial assistant to inform her of the agreed-upon deadlines and set a date for a hearing on pending motions and a final pre-trial conference.

**The Scheduling Conference is hereby set for the 24th day of August, 2010, at 9:00 a.m. via telephone. Plaintiffs shall be responsible for initiating a conference call with counsel for Defendants and the Court at (307) 733-1461. No cell phones please, unless you are assured of a sound and reliable connection.**

The Court reminds the parties that trial is set for January 10-14, 2011 and January 18-20, 2011 (allowing for a three-day weekend for Martin Luther King, Jr. Day in the midst of trial). As per a previous order, the Court will grant no additional continuances based on Plaintiffs' failure to pay attorneys, any further substitution of counsel, or for additional time deemed necessary due to *pro se* representation.

DATED this _29th_ day of July, 2010.

BY THE COURT:

Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this _30_ day of _July_, 20 _10_.

D King

A Richard

C Haden

By_ D Hassler, Deputy Clerk

IN THE NINTH JUDICIAL DISTRICT COURT

TETON COUNTY, WYOMING

FILED
TETON COUNTY WYOMING

2010 AUG 12  AM 9 28

*Dee Mahoney*

CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD. a Texas limited partnership, and CHARLES M. HADEN, JR., individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| BONTECOU CONSTRUCTION, INC., a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 14630

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

## DIRECTIVE REGARDING PROFESSIONAL CONDUCT

THIS MATTER has come before the Court upon the receipt of a series of communications between the parties that were copied to the Court during the time period of August 5 through August 11, 2010. This is the second time in this case that the Court has addressed the issue of unauthorized communications with the Court via e-mail or letters. On September 18, 2008 the Court wrote to attorneys for both parties—after receiving a number of unauthorized filings including letters and e-mails sent directly to the Court—advising them that all such unauthorized materials would be stricken from the record. This notification was reflected in the Court's Order of November 4, 2008 in companion case Civil Action No. 14748.

The Court is disturbed by the continuing practice of copying the Court with communications between the parties' attorneys. (The Plaintiff is now acting as his own attorney.) The Court considers this practice highly inappropriate and unprofessional.

Rule 3.5 of the Wyoming Rules of Professional Conduct requires as follows:

> A lawyer shall not:
> (a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law;
> (b) communicate ex parte with an official acting in an adjudicative capacity concerning any substantive or procedural issue before him, or which is likely to be before him, unless authorized to do so by law or court order.

Any attempt to address the Court regarding substantive or procedural issues should be filed along with pertinent motions with the Clerk of District Court. The parties/attorneys are directed to comply with this protocol. The Court anticipates this will be the last time this matter must be addressed.

DATED this _____ day of August, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge.

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this _12_ day of _Aug_ 20_10_.

_Haden, C._

_Richard, A._

_____

By_D Mahoney_

IN THE NINTH JUDICIAL DISTRICT COURT

TETON COUNTY, WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

NADOWESSIOUX PROPERTIES, LTD. )
a Texas limited partnership, and )
CHARLES M. HADEN, JR., )
individually, )
)
Plaintiffs, )
)
vs. )
)
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation, and STEVE )
BONTECOU, individually, )
)
Defendants. )

Civil Action No. 14630

---

## ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

---

THIS MATTER came before the Court upon Defendants' Motion to Compel Production of Electronic Correspondence, filed August 13, 2010. Defendants seek the production of Plaintiffs' 2006 e-mail correspondence regarding the Lot 1 Amangani Villa project, specifically that which was recently authorized for release from AOL. In a hearing before this Court on May 27, 2010, the Court ordered that Plaintiffs sign authorization forms to AOL to provide the 2006 correspondence. According to Defendants, AOL released the requested correspondence to Plaintiffs on July 12, 2010, but it still has not been made available to Defendants. Counsel for Defendants has certified that she has conferred in good faith with Plaintiffs to obtain the communications, but to no avail. Defendants seek the assistance of the Court in compelling Plaintiffs' to produce the 2006 AOL correspondence, along with a privilege log if needed, by August 19, 2010.

In this Court's Order of July 30, 2010, it referred to several pending motions and discovery that had not been produced. That Order, which acknowledged the withdrawal of Plaintiffs' attorney, advised the parties to confer and agree upon a reasonable schedule regarding deadlines for responding to the pending motions and for producing the remaining discovery. The parties were ordered to confer on or before August 18, 2010 in order to set these deadlines. Further, the Court set a scheduling conference for August 24, 2010 at which the parties would

inform the Court of the agreed-upon deadlines. None of the deadlines were to extend past September 30, 2010.

If deadlines for responses to pending motions and deadlines for discovery—including discovery of the Plaintiffs' e-mail released by AOL—cannot be agreed upon, the Court will set such deadlines at the August 24, 2010 scheduling conference. The Court declines to set a particular deadline on this discovery issue prior to the August 24, 2010 scheduling conference.

DATED this ___17th___ day of August, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this _11_ day of _Aug_ 20 _10_ .

_C. Haden_

_A Richard_

By_ D Hassler, Deputy Clerk_

**IN THE NINTH JUDICIAL DISTRICT COURT**

**TETON COUNTY, WYOMING**

NADOWESSIOUX PROPERTIES, LTD. )
a Texas limited partnership, and )
CHARLES M. HADEN, JR., )
individually, )
                 )
        Plaintiffs, )
                 )    Civil Action No. 14630
      vs. )
                 )
BONTECOU CONSTRUCTION, INC., )
a Wyoming corporation, and STEVE )
BONTECOU, individually, )
                 )
        Defendants. )

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

---

**ORDER SETTING RESPONSE DEADLINE ON DEFENDANTS' REQUEST FOR HEARING ON PRETRIAL DISCOVERY OF PLAINTIFF'S WEALTH AND FINANCIAL DOCUMENTS**

---

THIS MATTER came before the Court upon Defendants' Motion and Request for Hearing on Pretrial Discovery of Plaintiff's Wealth and Financial Documents, filed August 13, 2010. Defendants are seeking punitive damages pursuant to their counterclaim for fraud. They have requested a hearing for the purpose of making a *prima facie* showing in support of punitive damages so that pretrial discovery can be permitted regarding Plaintiffs' wealth, financial status and condition.

In *Campen v. Stone*, the Wyoming Supreme Court adopted the following approach and procedure for the discovery and presentation of evidence of financial status of a defendant when punitive damages are sought:

1. The plaintiff may claim in his complaint a right to punitive damages and then seek pretrial discovery of a defendant's wealth.
2. Defendant may move for a protective order requiring the plaintiff to make a prima facie showing to the trial court that a viable issue exists for punitive damages. Upon such a showing, the pretrial discovery would be allowed.
3. At trial, if evidence is produced making a prima facie case of punitive damages, the verdict form will make provision for compensatory damages and further ask the jury whether punitive damages should or should not be awarded. However, no provision would be made for the jury to determine the amount of punitive damages to be awarded at that point.
4. If the jury finds that punitive damages should be awarded, it then hears evidence of the defendant's financial status and returns a separate verdict setting the award of punitive damages.

635 P.2d 1121, 1132 (Wyo. 1981).

On September 4, 2008, Defendants, in a Notice of Deposition of Plaintiff Nadowessioux

Properties, requested Plaintiffs' financial documents and tax information for 2005 through 2007.

This Court, in an Order dated December 16, 2009, granted Plaintiffs' Request for Protective

Order restricting the discovery of this financial and tax material prior to a *prima facie* showing

on punitive damages, pursuant to *Campen v. Stone*. This Court reasserted its holding on March

24, 2010 when it granted Plaintiffs' Motion to Quash Defendants' *Subpoena Duces Tecum* to

Jackson Hole Title & Escrow. The subpoena sought information regarding Plaintiff' purchase of

the Amangani property prior to Defendants' involvement, without a *prima facie* showing in

support of punitive damages. Again, in an Order dated June 17, 2010, this Court limited the

deposition of Patti Patterson, Assistant Vice President and Real Estate Loan Officer at First

Interstate Bank, to questions relating to new allegations against Plaintiffs and money damages.

At present, Defendants seek a hearing to make a *prima facie* showing to the Court that a

viable issue exists for punitive damages. The Court hereby orders that any response by Plaintiffs

to this Motion be filed within seven (7) days of this Order.

DATED this 17ᵗʰ day of August, 2010.

BY THE COURT:

Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this 17 day of Aug 2010.

By D Hassler, Deputy Clerk

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

NINTH JUDICIAL DISTRICT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Stephan Harris, Clerk
Cheyenne

2010 SEP 8 PM 4 28

CLERK OF DISTRICT COURT
D Hassler, Deputy Clerk

FILED
TETON CO. WYOMING

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES M. HADEN, JR., individually, | ) |
| | ) |
| Third Party Defendant. | ) |

Civil Action. No. 14630

## ORDER ON SCHEDULING CONFERENCE

THIS MATTER came before the Court on Tuesday, August 31, 2010, for a scheduling conference. Charles Haden appeared on behalf of the Plaintiffs and Andrea Richard appeared on behalf of the Defendants.

The Court directed the parties to consult and mutually agree on various deadlines in this matter. The parties have consulted and reported back to the Court that they stipulated and agreed on a schedule and deadlines in this matter.

THEREFORE the Court now orders and sets the following deadlines in this matter:

September 7, 2010 -- Plaintiff shall produce all overdue and previously unproduced items requested in Defendants' discovery requests.

September 10, 2010 -- Defendants shall produce the relevant electronic data copied by CyberControls from Steve Bontecou's computer with an accompanying privilege log.

September 13, 2010 -- Defendants shall produce the relevant electronic data copied by CyberControls from Terry Ross's computer with an accompanying privilege log.

September 13, 2010 – Plaintiff shall produce the AOL electronic correspondence and an accompanying privilege log for the same.

The parties have set aside and will take depositions from September 8th through September 15th and again October 13th through October 22nd.

<u>October 29, 2010</u> – The discovery cutoff in this matter is October 29.

     <u>Motion to Quash</u> – The parties agree that the Motions to Quash depositions in this matter are moot as a mutually convenient schedule has been agreed to by the parties.

     Hearing – The parties requested that the Court set a hearing on three (3) pending motions including: <u>Defendants' Motion for Determination on Punitive Damages</u> and <u>Defendants' Motion to Dismiss Steve Bontecou Individually</u>. Plaintiffs requested that the Court also hear their <u>Motion regarding Obstruction of the Forensic Inspection</u>.

     A hearing is set before the Court at **2:30 p.m. on Tuesday, September 7, 2010**, at the District Court, Teton County Wyoming. Mr. Haden may appear by phone. The Court has set aside one hour for the hearing. The Court has advised the parties that it may not be possible to hear all three (3) motions at this hearing, but the parties are directed to appear and make such progress as time permits.

IT IS SO ORDERED this 7 day of ___Sept___, 2010.

BY THE COURT:

_____
The Honorable Timothy Day
District Court Judge

STIPULATED APPROVAL AS TO FORM:

_____
Charles M Haden, Jr.
764 Kuhlman Rd.
Houston, TX 77024

*Pro Se Counsel for Plaintiffs*

_____
Andrea L. Richard
199 East Pearl Ave, Suite 102
P.O. Box 1245
Jackson, WY 83001
Office: 307.732.6680
Fax: 307. 732.6638

*Attorney for Defendants*

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was served by mail/fax upon the following persons at their last known address this ___ day of Sept 20 10 .

C Haden

A Richard

By D Hassler, Deputy Clerk

FILED

IN THE NINTH JUDICIAL DISTRICT COURT
TETON COUNTY, WYOMING

2010 SEP 14 AM 9 56

*Cindy Williamson*
CLERK OF DISTRICT COURT

NADOWESSIOUX PROPERTIES, LTD.　　)
a Texas limited partnership, and　　　　　)
CHARLES M. HADEN, JR.,　　　　　　　)
individually,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
BONTECOU CONSTRUCTION, INC.,　　　)
a Wyoming corporation, and STEVE　　　　)
BONTECOU, individually,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Civil Action No. 14630 Stephan Harris, Clerk
Cheyenne

## ORDER GRANTING DEFENDANTS' MOTION FOR PRETRIAL DISCOVERY ON PLAINTIFFS' WEALTH AND GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANT STEVE BONTECOU AS A PARTY

THIS MATTER came on for hearing on September 7, 2010 upon Defendants' Motion and Request for Hearing on Pretrial Discovery of Plaintiff's Wealth & Financial Documents, filed August 13, 2010, and Defendants' Motion to Reconsider Motion of Defendants to Dismiss Claims Against Defendant Steve Bontecou, filed June 9, 2010. Plaintiffs were represented by Charles M. Haden, Jr., acting *pro se*, and Defendants were represented by attorney Andrea Richard. After hearing witnesses and argument, reviewing motions, responses and exhibits, and being advised in the premises, the Court finds as follows:

### Pretrial Discovery of Plaintiff's Wealth & Financial Documents

1. Defendants seek punitive damages related to a counterclaim of fraud against Plaintiffs. To prove fraud, Defendants must show by clear and convincing evidence that (1) Plaintiffs made a false representation intended to induce action by Defendants; (2) Defendants reasonably believed the representation to be true; and (3) Defendants suffered damages in relying upon the false representation. *Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 39, 179 P.3d 867, 877 (Wyo. 2008). Defendants allege that Plaintiffs represented to Defendants, both in the express terms of their contract as well as throughout the construction project, that Plaintiffs would pay for any change orders or

additions to the project; that this was a material representation that was false and made to induce reliance by Defendants; that Defendants did rely on the false representation; and that Defendants consequently suffered damages.

2. In connection with this claim for punitive damages, Defendants have sought pretrial discovery of Plaintiffs' wealth and financial documents. Plaintiffs, in response, have petitioned the Court for a protective order. On December 16, 2009, this Court granted Plaintiffs' Request for Protective Order, restricting the discovery of financial and tax material prior to a *prima facie* showing of punitive damages, pursuant to *Campen v. Stone*, 635 P.2d 1121 (Wyo. 1981).[1] The Court upheld this protective order on March 24, 2010 and on June 17, 2010 when Defendants again sought Plaintiffs' financial and tax information prior to a *prima facie* showing in support of punitive damages.

3. At the September 7, 2010 hearing, the Court allowed Defendants an opportunity to make a *prima facie* showing of fraud in order to undertake pretrial discovery regarding Plaintiffs' wealth and financial documents. At the hearing, Defendants solicited the testimony of two witnesses, Defendant Steve Bontecou, owner of Bontecou Construction, and investigator Todd Bontecou. Steve Bontecou testified and provided documentary evidence that Plaintiff Charles Haden had established a pattern of paying promptly and in full from the beginning of construction in September 2006 until November 2007 when the Hadens occupied the house. According to Mr. Bontecou, the payment procedure during that period was a follows: Haden paid Bontecou the billed amount, and Bontecou then paid his subcontractors and vendors. Upon payment, the subcontractors and vendors signed lien waivers stating they had been paid in full, which Bontecou then submitted to

---

[1] In *Campen v. Stone*, the Wyoming Supreme Court adopted the following approach and procedure for the discovery and presentation of evidence of financial status of a defendant when punitive damages are sought:

1. The plaintiff may claim in his complaint a right to punitive damages and then seek pretrial discovery of a defendant's wealth.
2. Defendant may move for a protective order requiring the plaintiff to make a prima facie showing to the trial court that a viable issue exists for punitive damages. Upon such a showing, the pretrial discovery would be allowed.
3. At trial, if evidence is produced making a prima facie case of punitive damages, the verdict form will make provision for compensatory damages and further ask the jury whether punitive damages should or should not be awarded. However, no provision would be made for the jury to determine the amount of punitive damages to be awarded at that point.
4. If the jury finds that punitive damages should be awarded, it then hears evidence of the defendant's financial status and returns a separate verdict setting the award of punitive damages.

635 P.2d 1121, 1132 (Wyo. 1981).

---

Haden. However, in November 2007, Mr. Haden requested that Mr. Bontecou first pay the subs and vendors out of his own pocket and obtain the lien waivers, then submit the bill and lien waivers to Mr. Haden for payment. Relying on Mr. Haden's past practice of promptly paying his bills and Mr. Haden's assurance that he would pay the bills, Mr. Bontecou followed this new procedure from November 2007 through March 2008. During that period, Mr. Bontecou paid subs and vendors a total of $854,899.15 and provided the lien waivers to Mr. Haden. Mr. Bontecou claims he was not reimbursed by Mr. Haden. Investigator Todd Bontecou testified that Mr. Haden has been involved in various lawsuits since 1985, which included similar allegations of promises to pay then failure to pay, and charges of fraudulent inducement. The Court notes that Mr. Haden has contested all of these allegations and intends to vigorously dispute them at trial.

4. The Court emphasizes that it makes no value judgments regarding the claims of either party. In a *prima facie* hearing—*prima facie* meaning "in the absence of other evidence"—the Court's role is to look at evidence presented by the claimant, without regard to what other evidence there might be, and determine if a viable issue for punitive damages exists.

5. Following the procedure set forth in *Campen v. Stone, supra*, the Court finds that Defendants made a *prima facie* case for fraud, and a viable issue for punitive damages exists. Defendants allege that there was a material representation by Plaintiffs that Defendants would be paid for changes and additions to the project, as supported by the testimony of Steve Bontecou. The allegation that this was a false representation was supported by Steve Bontecou's testimony that in November 2007, after Mr. Haden occupied the premises, Mr. Haden changed his course of conduct in the way subcontractors and venders were paid and how liens waivers were handled. The allegation of falsity was further supported by Todd Bontecou's testimony regarding Plaintiffs' historical pattern of conduct akin to fraud, which contradicted Plaintiffs' assertion that the case is merely a dispute over change orders or guaranteed maximum contract price. That Defendants reasonably relied on Plaintiffs' representation was supported by Steve Bontecou's testimony and documentation regarding Mr. Haden's previous history of timely payments. Evidence of damage to Defendants was

demonstrated by documentation of the amount owed by Plaintiffs to Defendants--

$854,899.15. Accordingly, the Court holds that Defendants may seek reasonable pretrial

discovery of wealth and financial information from Plaintiffs.

6. Through their August 13, 2010 motion, Defendants have sought financial and tax

information previously requested from Plaintiffs and First Interstate Bank Vice-President

Patti Patterson. On September 4, 2009, Defendants requested the following financial and

tax information from Plaintiffs pursuant to a deposition of the corporate representative(s)

of Nadowessioux Properties Ltd.:

> Any and all financial documents or statements providing a summary or
> description of Nadowessioux Properties Ltd.'s financial condition for the
> calendar years 2005 through the present date [Sept. 4, 2009], including,
> but not limited to, balance sheets, income statements, statement of assets
> and liabilities, statement of revenue and expenses not previously
> produced.
>
> Any and all Federal income tax returns and informational returns filed by
> Nadowessioux for the years 2005, 2006 and 2007 and all schedules
> attached to such returns not previously produced.

These items were subject to the Court's protective order of December 16, 2009. The

Court finds that discovery of these items shall be allowed to Defendants. Defendants

have also requested extensive information from Patti Patterson at First Interstate Bank

regarding correspondence with Plaintiffs, Defendants and other parties, documents

related to the purchase of Amangani Lot 1, e-mails calendars, notes and diaries. The

Court notes that Ms. Patterson promptly supplied the requested information allowed

pursuant to the Court's Order of June 17, 2010. The Court further notes that much of the

information requested in the Subpoena Duces Tecum of Patti Patterson, especially e-mail

correspondence with the parties, is duplicative of other discovery received. However, the

Court finds that Defendants' request for production of the Haden Lot 1 Amangani loan

file and correspondence with Mr. Haden may be relevant to Plaintiffs' wealth and

financial information. Accordingly, Defendants shall be allowed discovery of the loan

file and correspondence.

**IT IS HEREBY ORDERED that reasonable pretrial discovery may be conducted by Defendants regarding Plaintiff's wealth and financial records and the records of First Interstate Bank, as circumscribed above.** It is the expectation of the Court that discovery will

be accomplished in a professional and collaborative way, without unnecessarily seeking the intervention of the Court. Parties are advised that the discovered material is still subject to the Stipulated Protective Order filed January 29, 2009. The material shall not be made public or produced or referred to at trial unless and until there is a jury finding of fraud in Defendants' favor. At such time, the material could be utilized during the second phase of a bifurcated file.

## Dismissal of Claims Against Defendant Steve Bontecou

7.  On May 12, 2008, Defendants moved to dismiss claims against Steve Bontecou as an individual, arguing that there was no agreement between Plaintiffs and Mr. Bontecou in his individual capacity; that is, the construction contract was between Plaintiffs and Bontecou Construction. Defendants also argued that Plaintiffs had not alleged that the corporate veil should be pierced nor did they allege any facts that would warrant piercing the corporate veil. After a hearing on July 14, 2008, District Judge Nancy J. Guthrie denied Defendants' motion as premature.

8.  On June 9, 2010, Defendants filed a Motion to Reconsider Motion of Defendants to Dismiss Claims Against Defendant Steve Bontecou. Defendants claimed that Mr. Bontecou has not acted outside his scope of authority as employee and officer of Bontecou Construction, and Plaintiff has not alleged any facts that would warrant piercing Bontecou Construction's corporate veil. Further, Defendant noted that Plaintiffs' Amended Complaint only states claims against Bontecou Construction and not Steve Bontecou in his individual capacity.

9.  In *Kaycee Land & Livestock v. Flahive*, the Wyoming Supreme Court has recently addressed the issue of attributing the actions of a corporation to an individual member of the corporation, that is, piercing the corporate veil:

> Before a corporation's acts and obligations can be legally recognized as those of a particular person, and vice versa, it must be made to appear that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of such person and corporation has ceased, and that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.

46 P.3d 323, 325 (Wyo. 2002) (citation omitted). Further, the *Kaycee* Court set forth a number of factors to determine when circumstances were such that the corporate veil should be pierced:

> Among the possible factors pertinent to the trial court's determination are: commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by an individual of the assets of the corporation as his own; the failure to obtain authority to issue or subscribe to stock; the holding out by an individual that he is personally liable for the debts of the corporation; the failure to maintain minutes or adequate corporate records and the confusion of the records of the separate entities; the identical equitable ownership in the two entities; the identification of the equitable owners thereof with the domination and control of the two entities; identification of the directors and officers of the two entities in the responsible supervision and management; the failure to adequately capitalize a corporation; the absence of corporate assets, and undercapitalization; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest or concealment of personal business activities; the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; the use of the corporate entity to procure labor, services or merchandise for another person or entity; the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; the contracting with another with intent to avoid performance by use of a corporation as a subterfuge of illegal transactions; and the formation and use of a corporation to transfer to it the existing liability of another person or entity.

10. Plaintiffs argued, both in their response and at the hearing, that Bontecou Construction and Steve Bontecou had such a unity of interests that any allegation of separateness between the corporation and the individual had ceased. Plaintiffs asserted this unity was supported by Mr. Bontecou's own statement in his October 2008 deposition that "I feel like I am the corporation." Plaintiffs further alleged that the corporation may not be adequately capitalized.

11. The Court notes that this case has been pending for more than two years and, while Steve Bontecou is named as a Defendant, the complaint is vague at best in identifying why Mr. Bontecou should be held individually liable. Further, the complaint makes no request to pierce the corporate veil. Finally, the Court recognizes the relative absence in the record of evidence to establish the factors under *Kaycee* that would justify piercing the corporate veil. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Claims Against Defendant Steve Bontecou is granted.

DATED this __13th__ day of September, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this _14_ day of _Sept_ 20 _10_.

_C HADEN_
_A RichaRD_
_G FoID_

By _Caryl Williamson, Dp_

FILED
TETON COUNTY, WYOMING

IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

2010 SEP 14 AM 9 56

NINTH JUDICIAL DISTRICT

Caryl Williamson
CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually, | ) ) ) |
| Defendants, | ) ) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) ) |
| CHARLES M. HADEN, JR., individually, | ) ) |
| Third Party Defendant. | ) ) |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 28 2010

Civil Action. No. _____ Stephan Harris, Clerk
Cheyenne

## ORDER ON SCHEDULING CONFERENCE

THIS MATTER came before the Court on Tuesday, August 31, 2010, for a scheduling conference. Charles Haden appeared on behalf of the Plaintiffs and Andrea Richard appeared on behalf of the Defendants.

The Court directed the parties to consult and mutually agree on various deadlines in this matter. The parties have consulted and reported back to the Court that they stipulated and agreed on a schedule and deadlines in this matter.

THEREFORE the Court now orders and sets the following deadlines in this matter:

September 7, 2010 -- Plaintiff shall produce all overdue and previously unproduced items requested in Defendants' discovery requests.

September 10, 2010 -- Defendants shall produce the relevant electronic data copied by CyberControls from Steve Bontecou's computer with an accompanying privilege log.

September 13, 2010 -- Defendants shall produce the relevant electronic data copied by CyberControls from Terry Ross's computer with an accompanying privilege log.

September 13, 2010 – Plaintiff shall produce the AOL electronic correspondence and an accompanying privilege log for the same.

The parties have set aside and will take depositions from September 8th through September 15th and again October 13th through October 22nd.

October 29, 2010 – The discovery cutoff in this matter is October 29.

Motion to Quash – The parties agree that the Motions to Quash depositions in this matter are moot as a mutually convenient schedule has been agreed to by the parties.

Hearing – The parties requested that the Court set a hearing on three (3) pending motions including: Defendants' Motion for Determination on Punitive Damages and Defendants' Motion to Dismiss Steve Bontecou Individually. Plaintiffs requested that the Court also hear their Motion regarding Obstruction of the Forensic Inspection.

A hearing is set before the Court at **2:30 p.m. on Tuesday, September 7, 2010**, at the District Court, Teton County Wyoming. Mr. Haden may appear by phone. The Court has set aside one hour for the hearing. The Court has advised the parties that it may not be possible to hear all three (3) motions at this hearing, but the parties are directed to appear and make such progress as time permits.

IT IS SO ORDERED this 14th day of Sept , 2010.

BY THE COURT:

The Honorable Timothy Day
District Court Judge

STIPULATED APPROVAL AS TO FORM:

Charles M Haden, Jr.
764 Kuhlman Rd.
Houston, TX 77024

*Pro Se Counsel for Plaintiffs*

Andrea L. Richard
199 East Pearl Ave, Suite 102
P.O. Box 1245
Jackson, WY 83001
Office: 307.732.6680
Fax: 307. 732.6638

*Attorney for Defendants*

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this 14 day of Sept 20 10 .

C HADEN
A RICHARD
E FORD

By Caryl Williamson, Dep