Andrea L. Richard
THE RICHARD LAW FIRM, P.C.
199 E. Pearl Ave., Suite 102
P.O. Box 1245
Jackson, WY 83001
(307) 732-6680
(307) 732-6638 Fax

## IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

## NINTH JUDICIAL DISTRICT

| | |
|---|---|
| **NADOWESSIOUX PROPERTIES, LTD.,** a Texas limited partnership, and **CHARLES M. HADEN, JR. individually** <br><br> Plaintiffs, <br><br> vs. <br><br> **BONTECOU CONSTRUCTION, INC.** a Wyoming corporation, and **STEVE BONTECOU, individually.** <br><br> Defendants. | Civil Action No. 10-cv-280-J |

## MOTION TO REMAND

COMES NOW Bontecou Construction, Inc. by and through its undersigned counsel, The Richard Law Firm, P.C., and pursuant to 28 U.S.C § 1452 and 1447 and related provisions, hereby respectfully submits its Motion to Remand, and in support submits as follows:

1. This case involves money owed by Charles Haden and Nadowessioux Properties, ($854,972.34, plus interest, costs and attorneys fees) for construction on their Lot 1 Villa at Amangani in Teton County, Wyoming. Bontecou Construction filed a lien to secure collection of the amounts it is owed for the construction it performed.

2. State District Court, Civil Action No. 15591 (Captioned: Bontecou Construction, Inc. v. First Interstate Bank et. al.,) was commenced in state district court to establish that Bontecou Construction's lien has priority over First Interstate Bank's mortgage. The main case, Civil Action 14630 (captioned Haden/Nadowessoiux v. Bontecou Construction) has been pending since approximately May of 2008, for two and a half years in State District Court.

3. These are construction cases and require the application of Wyoming state law. The State District Court is familiar with the issues in these matters and Civil Action No. 14630 had a trial setting of January 10, 2011, before the Bankruptcy Petition was filed. That trial setting was ordered by the state district court in an Order issued by Judge Day on June 15, 2010. See, Judge Day's Order attached hereto.

4. Nadowessioux/Haden initiated the main case in May of 2008 (state court action, Civil Action No. 14630) but in the nearly two and a half years since initiating the case, has not sought removal or other relief in Federal Court.

5. On or about December 15, 2010, as the trial set by Judge Day was approaching, Defendant Nadowessioux Properties, Ltd. filed a Chapter 11 voluntary petition for bankruptcy in the U.S. Bankruptcy Court in the Southern District of Texas, Houston division. Since filing a bankruptcy petition, Nadowessioux has removed this action and a related action to Federal Court. Removal is detrimental to Bontecou Construction and Bontecou Construction hereby moves to remand those matters to state court.

6. A party objecting to removal may file a motion asking the District Court to remand the case to State Court. <u>Catepillar, Inc. v. Lewis</u>, 519 U.S. 61, 68, 117 S.Ct. 467 (1996).

7. When a case is removed from State Court, the removing party bears the burden of proving the existence of federal subject matter jurisdiction. <u>Kimmel v. DeGasperi</u>, 2000 WL 420639, at *1 (E.D. Pa. 2007); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

8. In removal actions, all doubts regarding jurisdiction should be resolved in favor of remand. <u>The Bachman Company v. MacDonald</u>, 173 F. Supp. 2d 318 (E.D. Penn. 2001)

9. Under 28 U.S.C. § 1452(a), a claim or cause of action may be removed to a District Court only if such District Court has jurisdiction of such claim or cause of action pursuant to 28 U.S.C. § 1334. That section, 28 U.S.C. § 1334(b) provides that a District Court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or relating to cases under title 11.

10. "Sections 1452(b) [remand] and 1334(c) [abstention] of Title 28 of the United States Code are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1). Section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." <u>Thomasson v AmSouth Bank</u>, 59 B.R. 997, 1002 (N.D.Ala.1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." <u>Cook v Griffin</u>,

102 B.R. 875, 877 (N.D.Ga.1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court." *In re Norrell*, 198 B.R. 987, 997-98 (N.D.Ala.1996).[1]

11. Section 1452(b) gives the Court express authority to remand these matters to the State Court.

12. The courts are clear that if a matter does not properly rest with a court, the court where the claim has been removed, may remand the claim. *In re Exchange of Parts America, Inc.*, 138 B.R. 585, 586 (W.D. Ark. 1992). Section 157(c)(1), which allows bankruptcy courts to hear "related to claims" is to be narrowly construed, not only out of respect to Article III courts, but also to preserve the jurisdiction of state courts over questions of State law involving persons not a party to the bankruptcy. *Emerald Acquisitions, Corp.*, 170 B.R. 632, 640 (N.D. Ill. 1994)(citing *Home Insurance Company v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989)). Remand may be the proper course where the resolution of the claim will have no bearing on the property of the debtor's estate. These are precisely the interests that are implicated here. These cases involve long litigation that was nearly completed in

---

[1] 28 U.S.C. § 157(a) allows a District Court to refer a proceeding under title 11 to a bankruptcy court. A bankruptcy court can hear and determine all core proceedings arising under title 11 and proceeding under a core proceeding under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that could only arise in the context of a bankruptcy court. Emerald Acquisition, Corp. 170 B.R. 632, 639-40 (N.D. Ill. 1994) (citing *Diamond Mortgage, Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) *cert. den*. 498 U.S. 1089, 11 S.Ct. 968 (1989)). In addition to core proceedings, bankruptcy courts may hear non-core proceedings that are related to a case under title 11. 28 U.S.C. § 1157(c)(1). *Id.* However, bankruptcy courts cannot determine a "related to proceeding unless all parties consent." 28 U.S.C. § 157(c)(2).

State Court and removing the litigation now to Federal Court is designed to delay the matters and harm Bontecou Construction's interests. This Court should act to remand these cases to state court so that the state court can decide the questions of state law and conclude these matters which have been pending for over two and a half years in state district court.

13. Section 1452(b) provides in relevant part that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. §1452(b).[2] Grounds for equitable remand include: 1) judicial economy, 2) prejudice to the involuntarily removed party, 3) forum *non conveniens*; 4) a determination that the State Court is better able to respond to questions of State law, 5) comity; 6) expertise of the court in which the matter is pending. *Emerald Acquisition Corporation*, 170 B.R. at 5 (citing *Brizzolara v. Fisher Pen, Co.*, 158 B.R. 761 771 (Bankr. N.D. Ill. 1993)).

14. All of these factors weigh in favor of remand in this case. Given that these cases are ready for trial, judicial economy favors remanding them to the state court because the state court is the court that was prepared to preside over the trial that was set to begin on January 10, 2011.

15. Prejudice to the involuntarily removed party also favors a remand. Bontecou Construction objects to removal and remand is appropriate. *Post Office Employees' Credit Union v. Lawyers Title Insurance*, 2010 WL 2836163 (E.D. La 2010). The time and expense associated with starting new litigation in Federal Court when the cases are ready for trial in state court, would further prejudice Bontecou Construction.

---

[2] The Court can do remand based on mandatory abstention under 28 U.S.C. §1334(c)(2) and/or discretionary abstention under 28 U.S.C. §1334(c)(1).

Bontecou Construction has been waiting to get the main case tried for over two and a half years and further delay unfairly prejudices Bontecou Construction.

16. Trying these cases in federal court would be a forum *non conveniens* for Bontecou Construction. The case involves an extensive number of witnesses, nearly all of whom reside in Teton County, Wyoming. Attempting to have all of these witnesses travel to Cheyenne or Casper (either a five hour trip each way to Casper or an eight hour trip each way to Cheyenne) would be very expensive for Bontecou Construction and demonstrates why the Federal Court is not a convenient forum.

17. Likewise, the state court is better able to respond to questions of State law. The parties have filed jury instructions and the State District Court is able and capable of ruling on all of the contract and construction issues as well as the lien and lien priority issues that are presented by the underlying litigation. Judicial economy also weighs in favor of having these cases determined in State Court.

18. Remanding this litigation to state court will allow the federal court to give comity and respect to the orders and work that the State Court has been doing in these matters for over two and a half years. *Patterson v. Morris*, 337 B.R. 82, 98 (E.D.La.2006)(the state court has the particular expertise to decide the state law questions that predominate in this case). *In re Hotel Mt. Lassen, Inc*., 207 B.R. 935 (E.D.Calif.1997).

19. Here there is no basis for federal jurisdiction over this case other than § 1334 bankruptcy jurisdiction and absent the bankruptcy filing, these cases could have proceeded only in state court. *Patterson v. Morris*, 337 B.R. 82, 96(E.D.La.2006).

20. Bontecou Construction has demanded a jury trial and these matters should be remanded to state court for the same. These state court cases involve state court causes of action, with no unique federal or federal bankruptcy issues. *In re Ciclon Negro, Inc.*, 260 B.R. 832, 838 (S.D.Texas 2001). See also, *Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 867-68 (N.D. Ill. 1991); *Citicorp Sav. of Ill. v. Chapman*, 132 B.R. 153, 157-58 (Bankr. N.D. Ill. 1991).[3]

21. For all these reasons, Bontecou Construction moves that the Court remand these matters to the state district court.

22. 28 U.S.C. § 1447(c) provides that a party may file a motion to remand within 30 days after the filing of a Notice of Removal. This Motion for Remand is timely if considered under section 1447 or section 1452(b). Further, as part of an order remanding a case, the Court may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal. Bontecou Construction hereby requests that the Court award such attorney's fees as just and proper pursuant to 28 U.S.C. § 1447(c).

WHEREFORE for all of these reasons Bontecou Construction moves this Court to issue its Order remanding the above case to State Court and requiring payment of just costs, actual expenses and attorney's fees incurred by Bontecou Construction as a

---

[3] In considering remand, Court also consider: (1) the jurisdictional basis, if any other than 28 U.S.C. § 1334; (2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (3) the substance rather than the form of the asserted "core" proceeding; (4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy on the court's docket; (5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and (6) the presence of no debtor parties. Citicorp Sav., 132 B.R. at 157-58.

result of removal and that the Court enter such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 17th day of January, 2011.

                                          THE RICHARD LAW FIRM, P.C.

                                          Andrea L. Richard #5-2848
                                          199 East Pearl Avenue, Suite 102
                                          P.O. Box 1245
                                          Jackson, WY 83001
                                          Office: (307) 732-6680
                                          Fax: (307) 732-6638
                                          andrea@arichardlaw.com

                                          *Attorney for Defendants*

## CERTIFICATE OF SERVICE

      This is to certify that on this 17th day of January, 2011, a true and correct copy of this **MOTION TO REMAND** was served on the following via CM/ECF, electronic mail:

Mark D. Sullivan
5237 HHR Ranch Road
Wilson, WY 83014

Edward L. Rothberg
Annie E. Catmull
HOOVER SLOVACEK LLP
5847 San Felipe, Suite 2200
Houston, TX 77057

                                  Of: The Richard Law Firm, P.C.

# IN THE NINTH JUDICIAL DISTRICT COURT
## TETON COUNTY, WYOMING

**FILED**
TETON COUNTY, WYOMING
2010 JUN 15 PM 12 57
CLERK OF DISTRICT COURT

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD. ) <br> a Texas limited partnership, and ) <br> CHARLES M. HADEN, JR., ) <br> individually, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> BONTECOU CONSTRUCTION, INC., ) <br> a Wyoming corporation, and STEVE ) <br> BONTECOU, individually, ) <br>   ) <br> Defendants. ) | Civil Action No. 14630 |

---

### ORDER GRANTING CONDITIONAL WITHDRAWAL OF PLAINTIFFS' ATTORNEY

---

THIS MATTER came before the Court on June 14, 2010 upon a Motion to Withdraw from representation of Plaintiffs by Plaintiffs' counsel, King & King, LLC, pursuant to the Wyoming Rules of Professional Conduct 1.16(b)(5) and (6). Plaintiffs were represented by attorneys Bret F. King and Thomas B. Getz, and Defendants were represented by attorney Andrea Richard. A further hearing was held *in camera* with Plaintiff Charles M. Haden, Jr., appearing by phone, and his attorneys, appearing personally. Testimony at that hearing was reported and will be sealed with the Court. After considering argument, the affidavit of attorney Bret King, which was filed under seal, and being advised in the premises, the Court finds good reason for the following:

1. Rule 1.16(b)(5) and (6) of the Wyoming Rules of Professional Conduct provide as follows:

    > Except as stated in paragraph (c), a lawyer may withdraw from representing a client if: (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
    >
    > . . . .
    >
    > Paragraph (c) states:
    >
    > A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered

---

*Nadowessioux Properties, Ltd. v. Bontecou Construction, Inc.*
Civil Action No. 14630
*ORDER GRANTING CONDITIONAL WITHDRAWAL*
Page 1 of 3



    to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

2. Rule 102 of the Wyoming Uniform Rules for District Courts further provides:

    (c) Counsel will not be permitted to withdraw from a case except upon court order. Except in the case of extraordinary circumstances the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance. In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se.

3. The Court finds reason to allow the withdrawal of Plaintiffs' attorneys due to financial considerations pursuant to Rule 1.16(b) of the Wyoming Rules of Professional Conduct. Plaintiff expressed his belief that the financial situation can be rectified with current counsel within approximately 30 days, or that new counsel could be hired within that time. In consideration of these circumstances,

IT IS HEREBY ORDERED that counsel King & King, LLC's Motion to Withdraw is GRANTED SUBJECT TO THE FOLLOWING CONDITIONS:

- Counsel King & King, LLC may withdraw upon the substitution of counsel approved by the Court.

- If no substitute counsel is approved by the Court by July 23, 2010, counsel King & King, LLC may withdraw notwithstanding the absence of counsel. Plaintiffs, thereafter, will be expected to comply with all trial and pre-trial deadlines and obligations, whether represented by counsel or not.

IT IS FURTHER ORDERED that this case is continued to a new trial date—January 10-14, 2011 and January 18-20, 2011 (allowing for a three-day weekend for Martin Luther King, Jr. Day in the midst of trial). This is a number one stack setting. The Court may consider moving the trial to an earlier date depending upon docket availability.

IT IS FURTHER ORDERED that there will be no additional continuances granted by this Court based on Plaintiffs' failure to pay attorneys, any further substitution of counsel, or for additional time requested due to *pro se* representation.

The Court recognizes that this matter has been pending since April 2008 and is based on a contract entered into in August 2006. However, the current District Court Judge has just

inherited the case and has not been involved with previous continuances. The Court also notes ongoing difficulties in obtaining discovery and has taken this into consideration in its order to continue the case.

IT IS FURTHER ORDERED that the Motions Hearing set for June 16, 2010 is HEREBY VACATED and is to be rescheduled approximately 30 days after substitution of counsel.

DATED this 15th day of June, 2010.

BY THE COURT:

_____
Honorable Timothy C. Day
District Judge

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing was duly served by prepaid mail upon the following persons at their last known address this ___ day of June, 20 10.

R. King
A. Richard
_____
_____
By _____

---

*Nadowessioux Properties, Ltd. v. Bontecou Construction, Inc.*
Civil Action No. 14630
*ORDER GRANTING CONDITIONAL WITHDRAWAL*
Page 3 of 3

# IN THE DISTRICT COURT OF TETON COUNTY, WYOMING

## NINTH JUDICIAL DISTRICT

| | |
|---|---|
| **NADOWESSIOUX PROPERTIES, LTD.,** )<br>a Texas limited partnership, and **CHARLES** )<br>**M. HADEN, JR. individually** )<br>)<br>    **Plaintiffs,** )<br>) | **Civil Action No. 10-cv-280-J** |
|     **vs.** )<br>) | |
| **BONTECOU CONSTRUCTION, INC.** )<br>a Wyoming corporation, and **STEVE** )<br>**BONTECOU, individually.** )<br>)<br>    **Defendants.** )<br>) | |

## ORDER FOR REMAND

THIS MATTER having come before the Court, on Plaintiff's Motion to Remand, and the Court have reviewed the same and having considered arguments of counsel;

IT IS HEREBY ORDERED that the above matter is remanded to State Court, and payment of just costs, actual expenses and attorney's fees incurred by Bontecou Construction as a result of removal shall be paid by Defendants.

DATED THIS \_\_\_\_ day of January, 2011.

_____
The Honorable Alan B. Johnson