FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 28 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BONTECOU CONSTRUCTION, INC., <br> a Wyoming corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST INTERSTATE BANK, a Montana corporation; NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership; CHARLES M. HADEN, JR., individually, and SHELLEY HADEN, individually, <br><br> Defendants. | Case No. 10-CV-275-J |

and

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> BONTECOU CONSTRUCTION, INC., a Wyoming corporation, and STEVE BONTECOU, individually, <br><br> Defendants. | Case No. 10-CV-280-J |

1

---

**ORDER ON MOTIONS FOR REFERRAL TO THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF WYOMING PURSUANT TO PART XIII ("BANKRUPTCY MATTERS") OF THE DISTRICT COURT LOCAL RULES, MOTIONS FOR REMAND TO STATE COURT AND MOTION TO TRANSFER VENUE AND
ORDER TRANSFERRING VENUE TO TEXAS DISTRICT COURT**

---

Various matters filed in the above captioned proceedings have come before the Court, including the Motions for Referral to the U.S. Bankruptcy Court for the District of Wyoming Pursuant to Part XIII (Bankruptcy Matters") of the District Court Local Rules, filed by Nadowessioux Properties, Ltd., in both of the above captioned cases, (Docket Entry in Case No. 10-CV-275-J and Docket Entry 3 in Case No. 10-CV-280-J), which came before this Court for hearing on January 21, 2011. Counsel for the various parties appeared and participated in the hearing by telephone conference call.

Also before the Court are Objections to the Notice of Removal filed by Bontecou in Case No. 10-CV-280J (construction dispute, state court action 14630) and in Case No. 10-CV-275J (lien priority action, state court action 15591). Bontecou has also filed motions seeking remand of both cases back to the state court for all further proceedings.

Nadowessioux has filed a motion for transfer of venue with respect to

both Case No. 10-CV-275J and Case No. 10-CV-280J, seeking transfer of this matter to either the United States Bankruptcy Court for the Southern District of Texas, Houston Division, or in the alternative, to the United States District Court for the Southern District of Texas.

Section XIII of the Local Rules for the District of Wyoming, entitled "Bankruptcy Matters" provides at (A):

> Automatic Referral. All cases under Title 11, United States Code, and all proceedings arising under Title 11 or arising in or related to cases under Title 11, shall be automatically referred to the bankruptcy judge of this district pursuant to 28 U.S.C. § 157 without further order. All papers in those cases shall be filed directly in the bankruptcy court, and the bankruptcy judge of this district shall exercise the jurisdiction of this court in bankruptcy matters as provided in 28 U.S.C. § 157(b).

The automatic referral to bankruptcy judge provided in this rule may be withdrawn by a district judge and referred back to the district court.

In this case, the Court will specifically withdraw from the general reference to the bankruptcy court all matters encompassed by Case No. 10-CV-275-J and Case No. 10-CV-280J. In lieu of referral to the bankruptcy court, the district court shall exercise jurisdiction in this matter in the first instance as appropriate and necessary to disposition of the issues now before the Court.

For this reason, the Court finds that the motions requesting referral to the

bankruptcy court pursuant to Part XIII of the Local Rules of this Court shall be denied, insofar as the motions request referral to the bankruptcy court in the District of Wyoming.

As noted earlier, Bontecou Construction, Inc., has filed objections to removal in both Case No. 10-CV-275J and Case No. 10-CV-280J. While Bontecou acknowledges that removal is "permitted in certain circumstances under the Bankruptcy Code," it asserts there are "considerations which make remand to the State Court the sensible alternative."

Title 28, Section 1452 is entitled "Removal of claims related to bankruptcy cases." It provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

The Court will overrule the objections to removal filed by Bontecou in

4

both cases.  In the notices of removal filed in Case NO. 10-CV-275J and Case No. 10-CV-280J, Nadowessioux has complied with the requirements of Bankruptcy Rule 9027 which identifies what must be included in notices of removal and the time for filing same.  These are timely notices, accompanied by the necessary statements that the cause of action is core or non-core and by copies of all process and pleadings.  The notices also indicate that Nadowessioux, a debtor in a Chapter 11 proceeding pending before the United States Bankruptcy Court in the Southern District of Texas, Houston Division, will ask this Court to transfer venue to that court.

Bontecou has also filed motions seeking remand of both Case No. 10-CV-275J and Case No. 10-CV-280J back to the Wyoming state court for all further proceedings.  Bontecou argues that remand is appropriate where there is no independent basis for the exercise of federal jurisdiction and where the litigation can be timely completed in state court.  Bontecou also contends that remand to state court may be the proper course where resolution of the claim will have no bearing on the property of the debtor's estate.  Bontecou argues that grounds for equitable remand, including judicial economy, prejudice to the involuntarily removed party, forum *non conveniens*, a determination that state courts are better able to respond to questions of state law, considerations of

comity and the expertise of the court in which a matter is pending, all favor equitable remand in this case.

Nadowessioux has objected to the motions for remand of both cases (Docket Entry 25 in Case No. 10-CV-280J; Docket Entry 27 in Case No. 10-CV-275J). Its persuasive points note that there is substantial overlap among the factors that suggest whether remand or transfer of venue is appropriate. Bontecou has filed a proof of claim in the Texas bankruptcy proceeding, asserting the same claims raised here. There is a pending objection to the claim of Bontecou set for hearing on March 7, 2011. Finally, no stay relief has either been sought or granted in the bankruptcy proceedings. No action in any court could proceed until stay relief is granted.

This Court disagrees entirely that immediate remand to state court is the appropriate course of action in this case at this time.[1] Upon a review of the submissions in this matter, it is simply not reasonable to conclude that the resolution of the disputes concerning the construction contract and lien validity and priority disputes do not affect handling and administration of the

---

[1] The Court expresses no opinion as to whether the Texas Bankruptcy Court might revisit the issues raised in the remand motions that are before this Court. It is likely that none of this will be a surprise or unfamiliar to the Texas Bankruptcy Court.

6

bankruptcy estate in this Chapter 11 case. This is a single asset (real property) Chapter 11 proceeding, with the debtor-in-possession proposing for confirmation a plan anticipating the sale of that real property and seeking resolution of all claim disputes, including those raised by Bontecou.

By way of example, Nadowessioux is seeking recovery of alleged overpayments from Bontecou in the approximate amount of $850,000.00 in Case No. 10-CV-280J. In Case No. 10-CV-275J, Nadowessioux Properties, Ltd., is one of the defendants, along with First Interstate Bank, the case in which lien priority/validity issues are predominant. In that case, Bontecou asserts it is owed in excess of $854,000 pursuant to a mechanic's lien asserted under Wyoming state law.[2] Unquestionably, resolution of these disputes, non-core proceedings over which the bankruptcy court has jurisdiction, does impact the administration of the bankruptcy estate in the Nadowessioux Properties, Ltd., Chapter 11 proceeding filed in the United States Bankruptcy Court for the

---

[2]Bontecou's proof of claim itemizes its claim to include $854,972.34 for services performed; $260,225.09 for interest; attorneys' fees to date $304,412.97 for a total claim unamended claim amount asserted against Nadowessioux Properties, Ltd. in the amount of $1,419,610.30. See Docket Entry 25 in Case No. 10-CV-280J at Ex. A; Docket Entry 27 in Case No. 10-CV-175J at Exhibit A.

7

Southern District of Texas, Houston Division, Case No. 10-41418-H5-11.[3]

It is most sensible, in this Court's view, to find that the Texas Bankruptcy Court is the best place for all of the outstanding disputes in this case to be determined. Presently pending issues in the Texas Bankruptcy Court include those concerning the proposed sale of the real property in the Nadowessioux single asset bankruptcy. Related issues will necessarily have to be determined in that bankruptcy case, including distribution and entitlement to proceeds from the sale of the real property, and will embrace as well the existing lien priority/validity disputes. Resolution of all of these issues in a single forum, i.e., the Bankruptcy Court in the Southern District of Texas, Houston Division, will promote judicial economy as it will not require litigation of the same or substantially similar issues in several forums, commends the issues to a court with significant and substantial expertise over such issues, and does not prejudice any party as all parties have appeared and participated in the bankruptcy proceeding. The Court perceives no particular issues of state law that suggest proceeding in the Wyoming state court is a better alternative. These are matters of contract and lien law that are not especially unique and

---

[3]There is a valid argument that these are core proceedings, which include all matters concerning administration of the estate and allowance or disallowance of claims against the estate. See 28 U.S.C. § 157(b)(2).

8

which are well within the expertise and particularized knowledge of the Bankruptcy Court in any venue.

Title 28, Section 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.[4]

---

[4] This Court recognizes that there is a split of authority regarding the appropriate venue transfer statute for "related to" bankruptcy proceedings. The split of authority as to whether 28 U.S.C. § 1404(a) or § 1412 should govern transfer of related to bankruptcy proceedings is discussed in <u>The City of Liberal, Kansas v. Trailmobile Corp.</u>, 316 B.R. 358, 361-363 (D.Kan. 2004) (Section 1412 provides it applies to a change of venue of a Title 11 bankruptcy case or proceeding; Section 1404(a) refers to a "civil action"; the only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally); see also, <u>In re Harwell</u>, 381 B.R. 885 (D.Colo. 2008) (noting transfer of venue is discretionary, reciting factors to consider to include: plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations that make a trial easy, expeditious and economical. Factors of particular emphasis in the context of adversary proceedings in bankruptcy include (1) economic administration of the bankruptcy estate; (2) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (3) judicial efficiency; (4) ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum.) The Court is not persuaded that application of 28 U.S.C. 1404(a) rather than § 1412 would yield a different result in this

9

The Court believes that the interests of justice are best served by transferring both of the above captioned proceedings from this Court to the United States District Court for the Southern District of Texas, Houston Division. It further appears that upon transfer, pursuant to that court's "General Order of Reference,"[5] that the matter will be automatically referred to the United States Bankruptcy Judges of the Southern District of Texas, Houston Division for further proceedings.

Accordingly, for the foregoing reasons, it is therefore

**ORDERED**, as to the Motions for Referral to the U.S. Bankruptcy Court for the District of Wyoming (Docket Entry 6 in Case No. 10-CV-275J and Docket Entry 3 in Case No. 10-CV-280J) that the United States District Court shall, and hereby does, specifically withdraw from the general reference to the bankruptcy court all matters encompassed by Case No. 10-CV-275-J and Case No. 10-CV-280J, and in lieu of referral to the bankruptcy court, the district court shall exercise jurisdiction in this matter in the first instance as appropriate and necessary to disposition of the issues now before the Court. **It is further**

---

case.

[5] Available at http://www.txs.uscourts.gov/district/genord/default.htm, at Order 2005-6.

**ORDERED** that the Objections to the Notices of Removal filed by Bontecou Construction, Inc. (Docket Entry 9 in Case No. 10-CV-275J and Docket Entry 7 in Case No. 10-CV-280J) shall be, and are, **OVERRULED. It is further**

**ORDERED** that the Motions to Remand filed by Bontecou Construction, Inc., (Docket Entry 14 in Case No. 10-CV-275J and Docket Entry 15 in Case No. 10-CV-280J) seeking immediate remand of all of the above captioned proceedings to the Ninth Judicial District Court for the State of Wyoming shall be, and are, **DENIED. It is further**

**ORDERED** that the Motion to Transfer Venue to the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division, filed by Nadowessioux Properties, Ltd., (Docket Entry 16 in Case No. 10-CV-275J, seeking transfer of both Case No. 10-CV-275J and Case No. 10-CV-280J) shall be, and is, **GRANTED** except that the matter shall be transferred to the United States District Court for the Southern District of Texas, Houston Division, rather than directly to the Bankruptcy Court. **It is further**

**ORDERED** that the above captioned proceedings shall be transferred forthwith to the United States District Court for the Southern District of Texas, Houston Division, for consideration and referral to the United States Bankruptcy

11

Judges for the Southern District of Texas, Houston Division,[6] pursuant to that Court's General Order of Reference dated March 10, 2005. The Clerk of Court for the District of Wyoming shall retain the copies of the voluminous records with respect to the Wyoming state court proceedings until requested by the Texas Bankruptcy Court to transmit those records to that court. **It is further**

**ORDERED** that the Clerk of Court for the District of Wyoming shall also provide a copy of this Order to Honorable Timothy C. Day of the Ninth Judicial District Court in Teton County, Wyoming, as to both Civil Action No. 15591, Bontecou Construction, Inc. v. First Interstate Bank et al., and Civil Action No. 14630, Haden/Nadowessioux v. Bontecou Construction. **It is further**

**ORDERED** that the "Motion to Strike Plaintiff's Objection to Removal and Motion to Remand" filed by First Interstate Bank (Docket Entry in 10-CV-275J) shall be, and is, **DENIED AS MOOT**.

Dated this 28th day of January 2011.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[6] The pending Chapter 11 proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, is styled In re: Nadowessioux Properties, Ltd., Debtor-in-Possession, Case No. 10-41418-H5-11.

12