Andrea L. Richard
THE RICHARD LAW FIRM, P.C.
199 E. Pearl Ave., Suite 102
P.O. Box 1245
Jackson, WY 83001
(307) 732-6680
(307) 732-6638 Fax

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT FOR WYOMING

| | |
|---|---|
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, and CHARLES M. HADEN, JR. individually<br><br>    Plaintiffs,<br><br>        vs.<br><br>BONTECOU CONSTRUCTION, INC. a Wyoming corporation, and STEVE BONTECOU, individually.<br><br>    Defendants. | Civil Action No. 10-cv-280-J |

## MOTION TO SEVER CHARLES HADEN

COMES NOW Bontecou Construction by and through its undersigned counsel, the Richard Law Firm, P.C., and hereby moves to sever the claims against the individual Defendant, Charles Haden, from the claims against Nadowessioux Properties Ltd. pursuant to Federal Rule of Civil Procedure 21, and in support states as follows:

1. This case involves claims both against Nadowessiuox Properties and Charles Haden individually. After Bontecou Construction filed its claims, Nadowessioux Properties filed for bankruptcy in December, 2010, approximately two and a half (2 ½) years into the litigation.

2. Bontecou Construction now moves to sever its claims against the bankrupt Defendant Nadowessioux Properties from its claims against Charles Haden individually so it can proceed with its case against Charles Haden.

3. Federal Rule of Civil Procedure 21 allows the Court to add or drop parties to an action when doing so would serve the ends of justice and further prompt the efficient disposition of litigation.

4. The decision whether to sever a party from an action is within the broad discretion of the District Court. Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d §1689 (1988).

5. A motion to sever pursuant to Rule 21 of the Federal Rules of Procedure necessarily requires the Court to consider whether the party is "indispensible" to the litigation, the decision that "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." Freedom International Trucks Inc. of New Jersey v. Eagle Enterprises Inc., 1998 West Law 695397 *1 (E.D. Pa. 1998.) (Citing *Provident Tradesmen Bank and Trust Company v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 1968).

6. The courts allow claimants to sever the bankrupt defendant in order to allow the plaintiff to proceed against the co-defendants with the remaining litigation. See E.G., Dental Benefit Management Inc., 153 B.R. 26, 28 (E.D. Pa. 1992): Kushman and Wakefield Inc. v. Backos, 129 B.R. 35, 36 (Also E.D. Pa. 1991). In this instance, it makes sense and is consistent with the approach taken by other courts that Bontecou Construction be permitted to make progress and proceed forward with its claims against Charles Haden.

7.  In order to complete the severance analysis the Court should also consider Rule 19 of the Federal Rules of Civil Procedure. Rule 19 defines what it means to be an indispensible party by setting forth a two-step inquiry for determining whether an action must be dismissed for failure to join an indispensible party. Associated Dry Goods Corporation v. Heller's Financial Corporation, 920 F.2d 1121, 1123 (2d. Cir. 1990).

8.  The first step in determining whether a party is an indispensible party is in Rule 19(a) which provides that a party is necessary and therefore must be joined if: (1) in a person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Rule 19(a), Federal Rules of Civil Procedure.

9.  If the Court is satisfied that a party is necessary within the language of Rule 19(a) but the party cannot be joined then the court must proceed to the second step of the analysis which requires it to assess whether or not in equity and in good conscience, the action should proceed in the necessary party's absence. Associated Dry Goods, 920 F.2d at 1124. This analysis, contained in Rule 19(b) calls for the Court to weigh several factors in determining whether a necessary party's absence requires dismissal of the case.

10.  In applying the Rule 19 two part test to this case, it is clear that Nadowessioux Properties is not a necessary party and that as defined in Rule 19(a) it is not an indispensible party under 19(b) and therefore Charles Haden should be severed from Nadowessioux Properties and Bontecou Construction should be permitted to proceed forward with its claims.

11. The absence of Nadowessioux Properties will not prevent relief from being accorded in the claims that Bontecou Construction has against Charles Haden. Specifically, Bontecou Construction's claims against Charles Haden involve fraudulent inducement and punitive damages. These are claims that do not involve Nadowessioux Properties directly and the relief requested does not intersect with the relief requested against Nadowessioux Properties.

12. Specifically, Bontecou Construction's Complaint alleges breach of contract and Bontecou intends to proceed with its breach of contract claims against Nadowessioux Properties. In contrast, Bontecou Construction seeks to impose personal liability on Charles Haden as an individual defendant for his fraudulent and fraudulent inducement conduct. In this situation, severance of the individual defendant Charles Haden is proper.

13. Charles Hayden will likely resist severance and suggest to the Court that the claims are related and therefore there should be no severance. However, courts are clear that severance is not precluded simply because claims against the bankrupt defendant are related to the claims against the individual defendant. See for example, Cruzan Terraces Inc. v. Antilles Ins., Inc., 138 F.R.D. 64, 66 (D.Vi. 1991). In other words, Nadowessioux Properties is not an indispensible party for purposes of Bontecou Construction's fraudulent inducement claim and punitive damages claim against Charles Haden.

14. Further, it is just to sever Bontecou Construction's claims against Charles Haden from the claims against Nadowessioux Properties. It is just and proper. In order to analyze whether it is just and proper to sever the claims the Court is to consider whether the severance would frustrate the underlying automatic stay provisions of the Bankruptcy Code. Freedom International Trucks of New Jersey, v. Eagle Enterprises Inc., 1998 West Law 695397 at *3 (E.D. Pa,. 1998).

15. The general rule is that the automatic stay of the bankruptcy court does not protect non-bankrupt co-defendants. McCartney v. Integra National Bank North, 106 F.3d 506, 509-10 (3d Cir. 1997). Occasionally there are unusual circumstances that might protect the non-bankrupt co-defendant such as when there will be a judgment against a third-party defendant could impact the debtor. Here there are no unusual circumstances which justify extending the automatic stay to Charles Haden, the individual that had been shown on the record. There is no evidence that Charles Haden personally guaranteed any loans or payments or Bontecou Construction's proceeding against Haden individually will adversely impact the bankruptcy estate of Nadowessioux.

16. Bontecou Construction is asserting claims against Haden for fraudulent inducement involving his personal conduct and not for his conduct as an officer or director of Nadowessioux Properties. Thus, the automatic stay does not extend to Charles Haden or his actions.

17. In the end, if the Court weighs all of the competing factors and the benefit and prejudice that would result from different courses of action, it is clear that the most prudent and practical decision is to sever Charles Haden and allow Bontecou Construction to proceed with its claims against Charles Haden individually in state Court.

18. There will be significant prejudice to Bontecou Construction if the proceedings are stalled further. Likewise, there is no prejudice to Charles Haden.

19. This case was ready for trial and the bankruptcy of Nadowessioux has stalled the proceedings. The proceedings should go forward and the most practical way to do that is by this Court's granting of the severance as to Charles Haden and allowing Bontecou Construction to proceed with its claims against Charles Haden in state Court.

20.	A joint trial of the claims of the parties is not practical and does not make sense and would have the effect of denying Bontecou Construction any trial until Nadowessoiux Properties' bankruptcy proceedings are resolved. The potential prejudice to the parties is the most important factor and should be considered by the Court especially the significant prejudice to Bontecou Construction by further delays. <u>Freedom International Trucks Inc</u>. 198 West Law at *4.

WHEREFORE, for these reasons, Bontecou Construction hereby requests that the Court grant its Motion to Sever its claim against Charles Haden and that all claims involving Charles Haden are severed from the action and allow plaintiff to proceed with the prosecution of those claims in state Court and award Bontecou Construction such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 28th day of January, 2011

THE RICHARD LAW FIRM, P.C.

/s/
Andrea L. Richard #5-2848
199 East Pearl Avenue, Suite 102
P.O. Box 1245
Jackson, WY 83001
Office: (307) 732-6680
Fax: (307) 732-6638
andrea@arichardlaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 28TH day of January, 2011, a true and correct copy of this **MOTION TO SEVER CHARLES HADEN** was served on the following via CM/ECF, electronic mail:

Mark D. Sullivan
5237 HHR Ranch Road
Wilson, WY 83014

Edward L. Rothberg
Annie E. Catmull
HOOVER SLOVACEK LLP
5847 San Felipe, Suite 2200
Houston, TX 77057


Charles M. Haden (via electronic mail and first class mail)
Nadowessioux Properties Ltd.
764 Kuhlman Road
Houston, TX 77024-5502
Chaden44@aol.com
shelleyhaden@aol.com


 /s/ 
Of: The Richard Law Firm, P.C.