IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NADOWESSIOUX PROPERTIES, LTD. | § § § § | CASE NO. 10-41418-H5-11 |
| DEBTOR-IN-POSSESSION | § | |
| | | |
| NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, and CHARLES M. HADEN, JR., individually | § § § § § | |
| Plaintiffs, | § § | Adversary proc. no. 11-03070 |
| vs. | § § § | (formerly civil action no. 2:10-cv-00280 transferred from the USDC for the District of Wyoming) |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation | § § § § § | |
| Defendants. | § § § § § | |

**PLAINTIFF DEBTOR'S MOTION
FOR AN ORDER GRANTING PARTIAL SUMMARY JUDGMENT THAT LIEN
STATEMENT IS INSUFFICIENT TO GIVE RISE TO MECHANIC'S LIEN UNDER
WYO. ST. 29-1-301**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.

1

UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

NOTWITHSTANDING THE ABOVE TEXT, BY SEPARATE MOTION DEBTOR SEEKS AN ORDER SETTING A MARCH 17, 2011 2:00 P.M. HEARING ON THE RELIEF SOUGHT.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Nadowessioux Properties, Ltd. (hereinafter "Nadowessioux") would respectfully show the Court:

### SUMMARY:  LIEN INVALID

In 2010 the Wyoming Supreme Court made clear that a mechanic's lien is invalid unless the lien claimant "swear[s] to the truth and accuracy of the lien statement[.]" *Winter v. Pleasant*, infra.  The Bontecou Construction alleged mechanic's lien fails that test.

### INTRODUCTION

1. Bontecou Construction, Inc. is a Wyoming corporation and a custom home builder.

2. Nadowessioux is a Texas limited partnership whose major asset was[1] a multimillion dollar residence in Jackson, Wyoming.

3. Charles M. Haden and Shelley Haden are married individuals and residents of the State of Texas. Together they own Nadowessioux.

---

[1] Pursuant to order entered by this Court on January 26, 2011, the residence was sold.  The proceeds from the sale, net or mortgage, taxes, and closing costs, are in the registry of the Court.

*Construction Dispute*

4. When Nadowessioux purchased the Jackson, Wyoming residence in 2006, construction was not complete. Nadowessioux, therefore, contracted with Bontecou Construction (owned by Steve Bontecou, collectively with Bontecou Construction, Inc. hereinafter, the "Bontecou Parties") to complete the project. Construction services were provided but eventually a contract and payment dispute arose.

5. Nadowessioux's position in the dispute is that Bontecou Construction has been paid in full for its services and that, in fact, it was overpaid. Bontecou Construction's position, on the other hand, is that it is still owed an additional $854,972.34. Eventually, Bontecou Construction caused the recording of an alleged mechanic's lien in the real property records of Teton County, Wyoming.

*Mechanic's Lien & Litigation*

6. Bontecou's alleged mechanic's lien was filed in March of 2008. See **Exhibit A**.
7. On April 22, 2008, Nadowessioux sued the Bontecou Parties for breach of contract (seeking, among other things, return of $849,693 in overpayments), release of lien, and slander of title, initiating civil action number 14630 (10 CV-280J) in the Ninth Judicial District Court of Teton County, Wyoming (hereinafter the "Construction Litigation").
8. The Bontecou Parties counter-sued for breach of the construction agreement, foreclosure on the alleged mechanic's lien, promissory estoppel, unjust enrichment, and for fraud.

*Foreclosure Posting*

9. Due to non-payment by Nadowessioux, First Interstate Bank posted the Jackson, Wyoming residence for a December 16, 2010 foreclosure.

*Bankruptcy & Removal*

10. To stop the foreclosure, on December 15, 2010, Nadowessioux filed in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The filing initiated bankruptcy case number 10-41418.

11. On December 28, 2010, Nadowessioux removed the Construction Litigation to Wyoming Federal Court.[2]

12. On January 28, 2011 the Wyoming Federal Court entered an order transferring venue of the Construction Litigation to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

13. Upon receipt of the transferred litigation, the Clerk of the U.S. District Court for the Southern District of Texas assigned the Construction Litigation adversary proceeding number 11-03070, the above-styled lawsuit. This motion is brought only in that lawsuit.

## RELIEF REQUESTED

14. Nadowessioux asks the Court to enter partial summary judgment that Bontecou's alleged mechanic's lien does not comply with Wyo. St. 29-1-301 and is therefore invalid and fully unsecured.

## ARGUMENT & AUTHORITY

15. Pursuant to Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056) this Court is authorized to enter summary judgment on any issue

---

[2] After its removal to Wyoming Federal court the case was assigned number 10cv0280.

4

of fact or law "when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

### THE MECHANIC LIEN IS INVALID BECAUSE THE SIGNATORY FAILED TO "SWEAR TO THE TRUTH AND ACCURACY OF THE LIEN STATEMENT"

16. Section 29-1-301(a) of the Wyoming Statutes provides in pertinent part that, "[i]n order to have a perfected lien pursuant to this title, a lien claimant shall file with the county clerk a lien statement *sworn to* before a notarial officer." (Emphasis added.)

17. The signature paragraph of the Bontecou Construction mechanic's lien reads:

> IN WITNESS WHEREOF, Steve Bountecou, on behalf of Lien Claimant herein set forth his hand this 28th day of March, 2008.
>
> BONTECOU CONSTRUCTION, INC.
>
> By [apparent signature of Steve Bontecou]
>
> Its: President
>
> .        .        .        .
>
> Subscribed and sworn to before me by Steve Bountecou, President of Bontecou Construction, this 28th day of March, 2008.
>
> Witness my hand and official seal [signature of notary and seal].

See page 4 of the attached **Exhibit A**.

18. The Bontecou Construction alleged mechanic's lien is invalid because it does not meet the requirements of § 29-1-301(a). The information contained in the alleged mechanic's lien was not "sworn to" as being true and correct. "[F]or a lien statement to be valid, the plain language of the phrase 'sworn to' in the

lien statute requires that the lien affiant *swear to the truth and accuracy* of the lien statement." *Winter v. Pleasant*, 2010 WY 4, P6 (Wyo. 2010) (emphasis added) (supreme court found that the amended mechanic's lien statement failed to indicate that the affiant was swearing to the accuracy of the lien statement).  "A requirement that a document be 'sworn to' contemplates the execution of an affidavit that the facts contained in it are true. . . . . An oath . . . signifies the undertaking of an obligation 'to speak the truth at a time [that] may deeply affect the rights and the character of individuals. . . . . Consequently, we have held that the   mechanic's lien statute requires the performance or execution of an oath swearing that the facts contained in the document are true." *Red Rooster Constr. Co. v. River Assoc., Inc.*, 224 Conn. 563, 577-578 (Conn. 1993)

## PRAYER

Nadowessioux prays that the Court enter partial summary judgment that Bontecou's alleged mechanic's lien does not comply with Wyo. St. 29-1-301 and is therefore invalid and fully unsecured.

Respectfully submitted on February 14, 2011,

                HOOVER SLOVACEK LLP

                By:        *s/Annie E. Catmull*
                EDWARD L. ROTHBERG
                State Bar No. 17313990
                ANNIE E. CATMULL
                State Bar No. 00794932
                5847 San Felipe, Suite 2200
                Houston, Texas 77057
                Telephone: 713.977.8686
                Facsimile:  713.977.5395
                ATTORNEYS FOR DEBTOR