UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-41418-H5-11 |
| | § | |
| NADOWESSIOUX PROPERTIES, LTD. | § | (Chapter 11) |
| | § | |
| DEBTOR-IN-POSSESSION | § | |
| | § | |
| | § | |
| NADOWESSIOUX PROPERTIES, | § | Adversary proc. no.  11-03070 |
| LTD.,  A Texas limited partnership, and | § | |
| CHARLES M. HADEN, JR., | § | |
| individually | § | |
| | § | |
| Plaintiffs, | § | (formerly civil action no. 2:10-cv-00280 |
| | § | transferred from the USDC for the |
| vs. | § | District of Wyoming) |
| | § | |
| BONTECOU CONSTRUCTION, INC. | § | |
| A Wyoming corporation | § | |
| | § | |
| Defendants. | § | |

**BONTECOU CONSTRUCTION, INC.'S RESPONSE TO
DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT
THAT LIEN STATEMENT IS INSUFFICIENT
<u>TO GIVE RISE TO MECHANIC'S LIEN UNDER WYO. ST. 29-1-301</u>**
(Related to Docket No. 29)

TO THE HONORABLE KAREN K. BROWN, U. S. BANKRUPTCY JUDGE:

COMES NOW, Bontecou Construction, Inc., ("***Movant***" and/or "***Bontecou***"), a creditor in the above-captioned bankruptcy case, and files this its *Response to Debtor's Motion for Partial Summary Judgment That Lien Statement is Insufficient to Give Rise to Mechanic's Lien under Wyo. St. 29-1-301* (the "***Response***"), and shows:

<u>**SUMMARY**</u>

The Debtor's *Motion for an Order Granting Partial Summary Judgment That Lien Statement is Insufficient to Give Rise to Mechanic's Lien under Wyo. Stat. 29-1-301* (the

1

"*Motion for Partial Summary Judgment on the Lien*") should be denied for the following reasons:

(i) Bontecou's lien statement is valid under W.S. §29-1-301; therefore, the lien is valid and fully secured;

(ii) <u>Winter v. Pleasant</u>, 222 P.3d 828 (Wyo. 2010), does not invalidate Bontecou's lien statement as further supported by the affidavit of Bontecou Construction's President, Steve Bontecou;

(iii) Wyoming Statutes defining the terms "oath," "perjury," and "affirmation" offer pertinent guidance;

(iv) Res judicata prevents the Debtor from objecting to the lien statement's validity, as the matter was ruled upon by the Honorable Judge Nancy Guthrie on September 26, 2008, in the initiating lawsuit, Civil Action No. 14630 in the Ninth Judicial District Court of Teton County, Wyoming;

(v) Debtor waived its rights to object to the validity of the lien statement, filed approximately three years ago in 2008;

(vi) To apply the <u>Winter</u> case ex post facto goes against public policy and would result in improperly punishing Bontecou Construction for subsequent judicial interpretations/requirements of Wyoming's mechanic's lien statutes.

## ARGUMENT AND AUTHORITY

**I.      Bontecou's lien statement is valid and fully secured under W.S. §29-1-301.**

Bontecou Construction followed the requirements set forth in Wyo. Stat. §29-1-301 when it filed its Lien Statement on March 31, 2008, with the Teton County Clerk's office in Teton County, Wyoming.

The Lien Statement gave the Debtor sufficient and accurate notice of the lien. The statement met all statutory requirements as dictated by Wyo. Stat. §29-1-301, including, but not limited to, providing the amounts due and owing at the time of the filing evidenced by detailed invoices and billing statements. The accuracy of the assertions set forth in the Lien Statement were supported and "sworn to" by Steve Bontecou, the President of Bontecou Construction on March 28, 2008, before a notary. See the attached Lien Statement, Exhibit 1.

The signature and notary section in the Lien Statement complies with Wyo. Stat. §29-1-301(a) and, therefore, is a valid, secured, and perfected lien under Wyoming law. See page 4 of the attached Lien Statement, Exhibit 1.

The Wyoming lien statutes exist to prevent unjust enrichment, as is the case for Bontecou Construction who was able to secure a claim against the Debtor by filing a Lien Statement. *Permian Corp. v. Armco Steel Corp.*, 508 F.2d 68 (1974).

Should a party challenge the validity of a lien; the burden of proof squarely falls on the Debtor who claims the lien statement was invalid or misleading in some way. Horseshoe Estates v. 2M Co., Inc., 713 P.2d 776 (Wyo. 1986). In the *Horseshoe Estates* case, the now retired, Honorable Judge Nancy Guthrie, who was also the Judge in Bontecou's underlying case in Teton County, Wyoming, upheld the validity of a lien statement in a mechanic's lien where the property description was being challenged as inadequate. The Wyoming Supreme Court affirmed and stated "[a]bsent any such claim of prejudice or being misled in any manner by the description which appeared in the lien statement, we must hold that it was sufficient." *Horseshoe Estates* at 781.

**II.     The *Winter* case does not invalidate Bontecou's lien statement.**

A recent Wyoming Supreme Court case, *Winter v. Pleasant*, 222 P.3d 828, 832-833 (Wyo. 2010), sheds new light and offers additional judicial interpretation of the signatory requirements for a lien statement under Wyo. Stat. 29-1-301(a).  In *Winter*, the contractor did not sign the lien statement, but instead it was signed by the contractor's attorney, who signed merely as his representative.  *Winter* at 832-833.  The Court invalidated the lien statement in *Winter* since the attorney simply swore only to his (the attorney's) identity and authority as the representative for the contractor, not to the accuracy of the lien statement.  *Winter* at 833.  The Court states, "for a lien statement to be valid, the plain language of the phrase 'sworn to' in the lien statute requires that the lien affiant swear to the truth and accuracy of the lien statement."  *Id.*

In our case, the contractor, Steve Bontecou, who is also the President of Bontecou Construction, Inc., did in fact sign the Lien Statement.  Mr. Bontecou signed it with the intent to give complete notice to the Debtor of the accuracy of the contents of the Lien Statement.  Mr. Bontecou signed as, "Subscribed and sworn to" on "behalf of Lien Claimant."  See page 4, Exhibit 1.

The *Winter* case differs significantly, because in *Winter*, the person who signed the lien statement was nothing more than a mere legal representative of the contractor and had no personal connection to the claims made and the debt incurred.  In the instant situation, Mr. Bontecou was the contractor.

Indeed the *Winter* case offers guidance for those persons intending to sign a lien statement on behalf of another in instances going forward.  But, the *Winter* case should not be

4

interpreted so broadly as to invalidate a 2008 Lien Statement signed by the actual contractor, also the President of Bontecou Construction.

Furthermore, and of particular interest to the case at hand, the Court notes that "a statutory 'interpretation should **not** produce an **absurd result**.'"  _Winter_ at 833 (emphasis added).  The language, which requires a lien statement to be "sworn to," exists "to require the accuracy and truth of the contents of the lien statement." _Winter_ at 833.

Moreover, in Debtor's Motion, (see Page 6) after a single citation is given from the Wyoming _Winter_ case, the Debtor's attorneys move into a detailed discussion regarding oaths and swearing to documents, the source of which is not the _Winter_ case or another Wyoming case, but a seemingly random Connecticut case.  The Debtor places undue emphasis on _Red Rooster Construction Co. v. River Assoc._, 224 Conn. 563, 620 A.2d 118 (Conn. 1993), which has absolutely no relevancy on the interpretation of Wyoming's lien statute or the specific debate over the meaning of "sworn to" under the _Winter_ case or any other Wyoming Supreme Court cases  The discussion is inapplicable and should be of no consequence to the Court's decision regarding the validity of the lien or Mr. Bontecou's swearing to the Lien Statement.  A more applicable discussion and/or comparison of the defining terms of oath and affirmation come directly from the Wyoming Statutes, which is set forth below. The Debtor's Motion for Partial Summary Judgment on the Lien provides no legal authority to which this Court could properly invalidate or dismiss Bontecou's lien against the Debtor.

### III. Wyoming Statutes define oath, affirmation, and perjury.

A brief discussion of the Wyoming Statutes, which define the terms oath, affirmation and perjury, may be helpful.  Wyo. Stat. § 1-2-101 defines the form of an oath as follows:

    1-2-101. Form.

>A person may be sworn by any form he deems binding on his conscience.

Similarly, an affirmation is defined as:

>1-2-103. Affirmation in lieu of oath; manner of administering.
>
>Persons conscientiously opposed to swearing or to taking any oath may affirm, and are subject to the penalties of perjury as in the case of swearing an oath. Whenever any person is required to take an oath in any court, or before any person or officer authorized by law to administer oaths, it is lawful for the court, officer or person administering the same, to administer it in the following manner: the person taking the oath or swearing shall, with his or her right hand uplifted, swear or take the oath, concluding with the words "so help me God".

Although not specifically referenced by the Wyoming lien statutes, an oath which is "sworn to," such as in a lien statement is required to support, evidence or establish such facts, that if determined false, the person could be subject to the laws of perjury or false swearing.

>1-2-104. Certification of documents.
>
>(a) A matter required or authorized to be supported, evidenced, established or proven by the sworn statement, declaration, verification, certificate, oath or affidavit, in writing of the person making it, other than a deposition, an acknowledgment, an oath of office or an oath required to be taken before a specified official other than a notary public, may be supported, evidenced, established or proven by the person certifying in writing "under penalty of false swearing" that the matter is true. The certification shall state the date and place of execution and the following:
>
>"I certify under penalty of false swearing that the foregoing is true".
>
>(b) A person who knowingly makes a false certification under subsection (a) of this section is guilty of false swearing in violation of W.S. 6-5-303(c).\

**IV.     Res judicata prevents the Debtor from objecting to the lien statement's validity.**

The District Court's Order on Bontecou's counterclaim for the foreclosure of its lien, governs and should not be set aside or overlooked by this Court.

On September 26, 2008, the Honorable Judge Nancy Guthrie concluded and found that in Civil Action No. 14630 Bontecou presented a counterclaim for foreclosure of its March 31, 2008, lien. See, Exhibit 2, Order Denying Petition to Strike and Release Lien, September 26, 2008.

At that time, the District Court took evidence and found for Bontecou Construction and stated: "he filed his **lien statement** in the good faith belief that he had **conformed** with all relevant lien statutes. The Court finds that the **claim of lien is not false or frivolous**." See Order Denying Petition to Strike and Release Lien, September 26, 2008, Paragraph 12, (emphasis added) Exhibit 2.

The Debtor chose not to appeal the Court's ruling and the finding is now res judicata. Wilson v. Lucerene Canal and Power Co., 150 P.3d 653, 662 (Wyo. 2007); Bender v. Unita County Assessors, 14 P.3d 906 (Wyo. 2000). The Debtor cannot use this proceeding as a belated appeal and attempt to attack a previous ruling by the District Court.

**V.     The Debtor has waived its rights to object to the validity of the lien statement.**

At no time prior to the Debtor's pending motion for partial summary judgment on the validity of Bontecou's lien statement, filed in 2008, has the Debtor ever raised an objection or argument attacking the validity of the lien statement. The Plaintiff should not be rewarded for resting idly on his laurels and waiting for new counsel in a new forum to launch a very belated and ineffective campaign based upon a 2010 decision, close to two years after Bontecou Construction filed its lien statement in Teton County, Wyoming. The Debtor has certainly and without a doubt waived its' right to object or attempt to invalidate Bontecou's 2008 lien statement, close to three years after the fact, in February 2011.

**VI.     Ex post facto doctrine.**

Furthermore, public policy and the doctrine of ex post facto prevent the Debtor from using the 2010 decision from the *Winter* case to invalidate Bontecou Construction's 2008 lien statement.  Although often applied more often in the realm of criminal law, the doctrine of ex post facto is applicable to this civil proceeding.  "[E]x post facto law may be one which in relation to the offense or its consequences, alters the situation of a party to his disadvantage." *In Interest of Jones*, 500 P.2d 690, 692 (Wyo., 1972) (internal quotations omitted).  Ex post facto serves to protect a person from being "deprived of a substantial right by reason of the change in law."  *Id.*  Clearly, such an injustice would be committed against Bontecou if the 2010 *Winter* case is not only applied beyond its terms, but also retroactively applied to Bontecou's Lien Statement filed in 2008.  Bontecou should not be irreparably punished in this way.

## CONCLUSION

WHEREFORE, Bontecou Construction, Inc. prays that the Court (i) deny the Debtor's Motion for Partial Summary Judgment on the Lien Statement and further find that the Lien Statement is in compliance with Wyo. Stat. 29-1-301 and is a valid, secured lien against the Debtor, and (ii) grant such further relief, at law or in equity, to which Bontecou Construction, Inc. may be justly entitled.

Respectfully submitted,

THE RICHARD LAW FIRM, P.C.

*/s/ Andrea L. Richard*
Andrea L. Richard, Attorney
The Richard Law Firm
P.O. Box 1245
199 East Pearl Avenue, Suite 102
Jackson, WY 83001-1245
Telephone: 307-732-6680
Facsimile: 307-732-6638
Email Address: Andrea@ARichardLaw.com
*Admitted Pro Hac Vice*
**CO-COUNSEL FOR
BONTECOU CONSTRUCTION, INC.**

And

*/s/ Simon Mayer*
David J. Askanase            TBN 01390000
daskanase@hwa.com
Simon Mayer                  TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, L.L.P.
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone: 713-759-0818
Facsimile: 713-759-6834
**ATTORNEYS FOR
BONTECOU CONSTRUCTION, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 7th, 2011, a true and correct copy of *Bontecou Construction, Inc.'s Response to Debtor's Motion for Partial Summary Judgment on the Lien* was served on the parties listed below via ECF and/or via first class U.S. mail, postage prepaid, as indicated.

*Attorneys for Debtor*
EDWARD L. ROTHBERG
ANNIE E. CATMULL
HOOVER SLOVACEK LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057

                                                    */s/ Simon Mayer*
                                                    Simon Mayer